38  405
58  208

### WILLIS R. AUSTIN *vs.* WILLIAM L. WIGHT AND OTHERS.

The act of 1866 relating to the ancestral estate of intestate minors does not, by including the parent among those whose non-existence is to divert the descent of the estate from the kin of the intestate to the kin of the ancestor, render the parent capable of inheriting ancestral real estate. The exemption in favor of the parent relates solely to personal estate.

EJECTMENT ; brought to the Superior court in New Haven county, and reserved for advice upon the following facts found by the court.

In the year 1832, one Philomela Hughes became the owner in fee by deed from the children of Marcus Miles, of one undivided fourth part of the demanded premises. In 1844 Philomela Hughes died at New Haven, leaving a last will and testament, which was duly proved and approved by the probate court for the district of New Haven, by the terms of which three undivided fourth parts of all the estate owned by the testatrix in fee, (including therein her one-fourth interest in fee in said premises,) was devised by her to her son, Enos B. M. Hughes, for life, remainder in fee to such of the children of Enos as should be living at the time of his decease, and to the issue of such as should have died before that time, share and share alike ; and one undivided fourth part thereof to her daughter, Grace M. Wight, for life, remainder in fee to such of her children as should be living at the time of her decease, share and share alike. Philomela Hughes left surviving her no husband, but two children, Enos B. M. Hughes and Grace M. Wight, and no lineal descendants of any other child. Enos B. M. Hughes died in 1864, leaving surviving him four children, to wit, the defendants Mary H. Wells, Cornelia H. Dayton, Eleanor C. Hughes and Edward B. Hughes, and one grandchild, Louisa Hughes Austin, the daughter and only

child of a daughter Louisa, who had deceased prior to the death of Enos. On the 18th of February, 1870, the grand-child, Louisa Hughes Austin, being then a minor under the age of twenty-one years, and having her domicil in New Haven, died intestate, never having had any husband or children or brother or sister. There survived her, her father, Willis R. Austin, the plaintiff in the present action, her aunts, the said Mary H. Wells, Cornelia H. Dayton and Eleanor C. Hughes, her uncle, the said Edward B. Hughes, her great-aunt, the said Grace M. Wight, and her grandmother, Louisa W. B. Hughes, the widow of Enos B. M. Hughes.

Prior to the bringing of this action there was a partition of the premises by the defendants, which operated as an ouster of the plaintiff therefrom.

*H. B. Harrison* and *D. R. Wright*, for the plaintiff.

*J. S. Beach* and *L. H. Bristol*, for the defendants.

BUTLER, C. J. This case turns upon the construction of the act of 1866 in relation to the ancestral estate of intestate minors. The act is cited in one of the briefs, and is what its title and character import, " an act in addition to and altera-tion of" the then existing statutes relating to the distribution of ancestral estates.* So much of the original act in respect to the distribution of ancestral estate as is material to this inquiry is also set out in the brief.† Contrasting these two

---

* The act of 1866 is as follows: " Whenever any person under the age of twenty-one years shall have died intestate, leaving either real or personal estate that came to such person by descent, gift or devise from his parent, ancestor or other kindred, and such deceased person shall not have left any lineal descend-ants, or any brother or sister of the whole blood, or any descendants of such brother or sister, or any parent, such estate shall be distributed to and among the next of kin of the intestate, of the blood of the person from whom such estate came or descended, in equal proportions, and if there be no such kindred, then to be distributed to the next of kin equally, and in ascertaining the next of kin, in all cases the rule of the civil law shall be adopted."

† The portion of the original act referred to is as follows: " If there be no children, or any legal representatives of them, * * * all the real estate of the intestate which came to him by descent, gift or devise from his parents, ancestors or other kindred, shall belong equally to the brothers and sisters of the intestate, and those who legally represent them, of the blood of the person or ancestor from

provisions, it will be observed that they differ in three particulars, viz:

1. The original act gave direction to ancestral *real estate* only. The act of 1866 attaches the ancestral character, if it exists, to *personal* estate also, and gives to both the same direction.

2. The original act was imperfect in its provisions, inasmuch as it did not provide for the distribution of the estate where there were neither brothers or sisters, nor representatives of them, nor children, of the ancestor from whom the estate was derived; but the act of 1866 provides for all contingencies, by directing the distribution of such estate to the *next of kin* of the ancestor, if there be any such, and if not, to the *next of kin* to the intestate generally, to be ascertained by the rule of the civil law.

3. The third particular of difference is that the act of 1866, in enumerating the persons whose non-existence shall change the order of distribution, includes the parent, who is not included in such enumeration in the original act, and the whole case hinges on this fact. The plaintiff claims that by including the parent among those whose non-existence is to divert the descent of the estate from the kin of the intestate to the kin of the ancestor, the legislature have said by necessary implication that the parent, if in existence, shall inherit ancestral real estate. But we think there is no such necessary implication. It was proper the parent should be named in the act of 1866 among those whose non-existence should work a diversion of the estate from the kin of the intestate to the kin of the ancestor, to prevent an injustice; because that statute embraces ancestral *personal* estate, as well as *real;* which personal estate the parent would inherit under the original act, and of which he would be deprived under the new law, if there had been no exemption made in his favor by naming him.

We are all satisfied therefore that there was a reason for including the parent in the list of non-existents in the new law, which did not relate to the real estate, and that although

whom such estate came or descended, and in case there be no brothers or sisters or legal representatives as aforesaid, then equally to the children of such persons or ancestor, and those who legally represent them."

it leaves some ground for the implication claimed as to the reality, it is not a necessary implication, or sufficient to warrant us in holding that such was the intention of the legislature.

In this opinion the other judges concurred.