IDA E. CLARK AND ANOTHER'S APPEAL FROM PROBATE.

New Haven and Fairfield Cos., Oct. T., 1889.  ANDREWS, C. J., CARPEN-
TER, LOOMIS, J. M. HALL and THAYER, JS.

Gen. Statutes, § 632, provides that the real estate of an intestate which
came to him by descent or devise from any kinsman, shall, if there be
no brothers or sisters of the blood of the ancestor from whom the es-
tate came, nor their representatives, go equally to the children, if any,
of such ancestor and those who legally represent them, with a proviso
that if the intestate be a minor and " shall not leave any lineal descend-
ants, or brother or sister of the whole blood, or any descendants of such
brother or sister, or *any parent,*" such estate shall be distributed
equally to the next of kin of the blood of the ancestor from whom it
came.  A minor died intestate seised of real estate which came to her
by devise from her maternal grandfather, and left no husband, child,
mother, brother or sister, nor any descendant of a brother or sister,
but left a father, and a maternal aunt, daughter of the maternal grand-
father.  Held—

1.  That the father did not take by implication under the proviso.

2.  That the case did not come within the proviso, inasmuch as the intestate
left a father, and was therefore not within the class of minors de-
scribed in it.

3.  That the estate went to the maternal aunt under the provisions of the
body of the statute.

A proviso in a statute is to be construed strictly, and takes no case out of
the enacting clause which is not fairly within its terms.

[Argued October 30th—decided December 30th, 1889.]

APPEAL from a probate decree distributing the intestate
estate of Lina A. Hawes, deceased; taken to the Superior
Court in Fairfield County, and heard before *Torrance, J.*
Facts found, and judgment rendered for the appellee, and
appeal by the original appellants.

*F. W. Marsh,* for the appellants.

*L. D. Brewster* and *H. B. Scott,* for the appellee.

THAYER, J.  Lina A. Hawes, a minor, died intestate,
seised of certain real estate which came to her by devise

from her maternal grandfather. She left surviving her no husband, no children or descendant of any child, no mother, and no brother or sister or any descendant of any brother or sister. The appellee is her father and the appellant is her maternal aunt, the daughter of the grandfather. The Superior Court decided that the father is the proper distributee of the real estate. Whether that decision is correct is the question presented by this appeal.

Section 632 of the General Statutes, by which this question is to be determined, after providing for the distribution of all the real and personal estate of all intestates who leave no children or any legal representatives of them, proceeds as follows: "but all the real estate of the intestate which came to him by descent, gift or devise from any kinsman, shall belong equally to the brothers and sisters of the intestate and those who legally represent them, of the blood of the ancestor from whom such estate came or descended, and in case there be no brothers and sisters or legal representatives as aforesaid, then equally to the children of such person or ancestor and those who legally represent them, and if there be no such children or their representatives, then equally to the brothers and sisters of such person or ancestor and those who legally represent them, and if there be none such, then it shall be divided in the same manner as other real estate ; *provided* that when such intestate shall be a minor and shall not leave any lineal descendants or brother or sister of the whole blood, or any descendants of such brother or sister, or any parent, such estate shall be distributed equally to the next of kin to the intestate of the blood of the person or ancestor from whom such estate came or descended; and if there be no such kindred, then to the next of kin of the intestate generally," etc.

It is clear that the real estate in question belongs to the appellant, as the child of the ancestor from whom it came to the intestate, unless there is something in the proviso to give it a different direction. In *Austin* v. *Wight*, 38 Conn., 405, it was held that the act of 1866, which was embodied in the revision of 1875 in the form of this proviso, did not

affect the distribution of ancestral real estate of an intestate minor who left a parent. That act, in terms, referred to both ancestral real estate and ancestral personal estate, and it is conceded that if the proviso now refers to both it does not affect the distribution of the estate in controversy. But it is claimed in behalf of the appellee that it refers to ancestral real estate only, and that as a consequence the parent becomes the distributee of such estate. There is nothing in the language to warrant this conclusion. The purpose of the proviso manifestly is to take the ancestral estate of a certain class of intestates out of the operation of the preceding provisions of the statute, and to give to that estate, whether it be real or real and personal estate which is referred to, a different direction from that it would take but for the proviso. The class of intestates to whose estates direction is thus given are not minors generally, but those only who do not " leave any lineal descendants, or brothers or sisters of the whole blood, or any descendants of such brother or sister or any parent." An intestate minor who leaves a parent is not within the class. His ancestral estate therefore does not take the same direction as that of intestates within the class, nor is it diverted from the kin of the ancestor to the parent by the express language of the proviso. If the parent takes therefore it must be by implication. In the case of *Austin* v. *Wight*, already referred to, it was claimed that by including the parent among those whose non-existence was to divert the estate, there was a necessary implication that the parent, if in existence, would inherit ancestral real estate; but the court said that while there was some ground for the implication claimed, it was not a necessary implication, because the statute embraced ancestral *personal* estate as well as *real*. Attention has been called to this language, and it seems to be a part of the appellee's claim that the parent now takes by necessary implication if real estate only is embraced in the proviso. It is a sufficient answer to this claim to say that a proviso in a statute is to be construed strictly and takes no case out of the enacting clause which is not fairly within its terms.

*United States* v. *Dickson*, 15 Pet., 141. There is no necessity for such an implication. By the statute, excluding the proviso, the parent would take the ancestral real estate before all kindred of the ancestor more remote than his brothers and sisters and their representatives. By the proviso the more remote kindred of the ancestor, being kin to the intestate of the blood of such ancestor, would take before the parent, had there been no exemption made in the parent's favor by naming him. There was a reason therefore, if real estate only is referred to, for naming the parent among those whose non-existence changes the order of distribution.

It follows that the appellant, and not the appellee, is the proper distributee of the real estate in question.

There is error in the judgment complained of.

In this opinion the other judges concurred.