Hinman, J.
The appellant has no reason to complain personally of the distribution of Edwin Terry’s estate. It is, in reality, altogether too favorable to the brothers and sisters of the half blood, of whom the appellant is one, and not sufficiently favorable to Stephen, the brother of the whole blood. He is, however, the administrator on the estate, and so far as the administrator may be said to represent the interests of those eventually entitled to it, in other words the heir, he unquestionably is interested to cause the decree complained of to be reversed. He took the appeal as administrator, though the reasons for it regard only his personal interests, and the interests of those similarly situated. But the suit was amicably commenced for the sole purpose of obtaining the opinion of the court in respect to the rights of the brothers and sisters of the deceased, of the whole and of the half blood, to distributive shares of the- estate. We have therefore, at the [ *341 ] request of counsel, on an intimation *that any irregularity in respect to form will be corrected, determined to settle the controversy. On this ground, for the reasons herein expressed, we advise the decree of probate to be reversed.
The appellant claims that the distribution was erroneously made, because the personal estate was all set to Stephen, the brother of the whole blood. He insists that it should have been distributed to all the brothers and sisters equally, whether of the whole or of the half blood, under the 48th séction of the statute with regard to the settlement of'estates. We are of opinion, however, that the whole estate, real as well as pérsonal, should have been set to Stephen, and the distribution is wrong because a large portion'of the real estate was distributed to the brothers and sisters of the half blood. We think the section of the statute under which the appellant claims a portion of the estate, has no application -whatever to the case. The 48th section" of this statute is only supplemental to the 47th, and relates entirely to tlie distribution of intestate estates in cases where one of'the children of a deceased intestate happens to die before’ marriage, before arriving at lawful age, and before any legal disposition of the estate. In such cases it is provided that the share of such deceased child shall be divided among the Surviving children, This can not relate to Edwin’s estate, because he left no *279 children. Nor can it relate to his father’s estate, because that was all disposed of by will, and was not therefore intestate.
In the distribution of Edwin’s real estate the court of probate probably acted under the impression that it was to be treated as real estate received by devise from his father, because it was purchased and paid for with money received from the sale of the real estate which was devised to him by his father, and which therefore came under the denomination of ancestral estate, which, by section 49th of the same statute, is to be distributed equally among brothers and sisters “ of the blood of the person or ancestor from whom the estate came.” But the terms of this section are very explicit in respect to the estate which is to be distributed in *this manner. After [ *342 ] prescribing how estates shall be distributed to the brothers and sisters of the whole blood, if there are no children or representatives of children, it then provides that “ all the real estate of the intestate, which came to him by descent, gift or devise, &c.,” shall,be distributed to the brothers and sisters of the blood of the person or ancestor from whom it came. This language, “ all the real estate,” means of course the identical estate that so came to the intestate, and not estate which may have been substituted for it. Bj' the statute it must not only be the estate, but it must be the real estate. When Edwin’s real estate, that came to him under his father’s will, was sold and converted into money, no one would claim that the money.was the real estate that came to him. And is it any more the real estate that came to him when the money is invested in other real estate ? When a child sells his patrimony he can no longer be said to have the estate which came to him from his ancestor, and the fact that he is enabled to acquire an estate by means that came to him in that manner can make no difference under this statute, because it is not the estate which the statute says shall be distributed in this way. It appears from the facts agreed to, therefore, that Edwin’s whole estate should have been distributed to Stephen, his only brother of the whole blood, and, because it was not so done, the decree of probate establishing the distribution should be reversed, and the estate re-distributed in conformity to these views.
In this opinion the other judges concurred.
Advice that probate decree be reversed.