## Barry's Appeal. Foster's Estate.

In the case of an ancillary administration in this state of the estate of a decedent, whose domicile was in another state or country, the Orphans' Court after having paid all lawful claimants on the fund, who are citizens and residents of Pennsylvania, must direct the balance to be paid to the administrator of the domicile, and a creditor who has the same domicile as was that of decedent, cannot make claim to the fund in this jurisdiction but must resort to that of his domicile.

88 131
161 223
88 131
180 179

November 15th 1878. Before Sharswood, Mercur, Gordon, Paxson and Trunkey, JJ. Agnew, C. J., and Woodward, J., absent.

Certiorari to and appeal from the decree of the Orphans' Court of *Allegheny county:* Of October and November Term 1878, No. 292.

Margaret Foster died in Iowa in 1875. In her lifetime she had sold certain real estate in Allegheny county, Pennsylvania, and had taken a mortgage thereon upon which there was due, at the time of her death, a balance of $485. The register of Allegheny county granted letters of administration to James Evans, who collected this balance, and duly accounted therefor. On the 20th of September 1876, this account was taken to the Orphans' Court for audit, the balance for distribution being $380. Before the auditor, Ellen Barry, a resident of Iowa, presented a claim founded upon two promissory notes given by the decedent, Margaret Foster, which aggregated $500. A commission was issued and testimony taken in Iowa, and the cause was continued until 1878, when it was heard and held under advisement. No other claims were presented to the court. On the 2d day of February 1878, after the hearing, and without notice to the claimant or her counsel, the court allowed to be filed a certificate that letters of administration had been granted on the decedent's estate, on the 8th of April 1875, at Dubuque, Iowa, to A. R. Foster. It appeared from this certificate that the claim of appellant under the law of Iowa was barred by reason of its not having been presented to the administrator in Iowa, within the prescribed time after his appointment. The promissory notes, which were made in Iowa, were valid under the laws of that state.

[Barry's Appeal.]

The court (Hawkins, P. J.), entered the following decree : "And now, to wit: February 2d 1878, this matter came on for hearing, audit and distribution at this term and testimony taken, and thereupon it appearing to the court that the domicile of decedent was in the state of Iowa, and that there are no domestic claimants to the fund here for distribution, either creditors, heirs, or legatees, and it further appearing that letters of administration have been issued at the domicile of decedent to Alexander R. Foster, it is ordered, adjudged and decreed that the fund in the hands of James Evans, administrator, after deducting costs of audit, &c., be paid to Alexander R. Foster, administrator of the domicile as aforesaid, upon his giving an additional bond in the sum of $700 to be approved according to the laws of Iowa, and a certificate of same being filed in this court."

From this decree this appeal was taken.

*George Shiras, Jr.*, for appellant.—In Parker's Appeal, 11 P. F. Smith 484, it was decided that assets in Pennsylvania "are not to be transmitted to the administrator or executor of the domicile when there are domestic claimants, or claimants within the jurisdiction of the ancillary administration." In the present case Ellen Barry has placed herself, and is within the jurisdiction of the courts of this Commonwealth with a claim admittedly meritorious, and justice was only refused her in the court below upon a technicality.

In Dent's Appeal, 10 Harris 514, it was intimated that not only creditors but even legatees residing in other states were entitled to present their claims here and receive distribution, and that foreign creditors by so presenting their claims became domestic creditors.

Again, it was decided in Stokely's Estate, 7 Harris 476, that debts are to be paid before the fund is transmitted to the administrator of the domicile.

*R. B. Petty*, for appellee.—The usual course is to transmit the assets, after payment of domestic claimants, to the domicile for further distribution : Kent's Com. 429, 433, 434; Williams on Executors 1664, and notes.

The same rule is laid down in Pennsylvania, in Miller's Estate, 3 Rawle 319; Mothland v. Wireman, 3 P. & W. 185; McKeen v. Northampton Co., 13 Wright 525; Stokely's Estate, *supra.* In all these cases it is said that where there are no resident claimants, either in the character of creditors, legatees or next of kin, assets will be transmitted to the domicile for further administration.

In Dent's Appeal this rule was recognised, but in that case the fund arose from sales of real estate, and the distribution was amongst heirs. All the distributees appeared and desired distribution in Pennsylvania, and therefore distribution was made.

In Parker's Appeal, cited by appellant, there were claimants residing in Pennsylvania who desired distribution here.

[Barry's Appeal.]

The judgment of the Supreme Court was entered November 25th 1878,

PER CURIAM.—It is well settled that in the case of an ancillary administration in this state of the estate of a decedent whose domicile was in another state or country, the Orphans' Court, after having paid all lawful claimants on the fund who are citizens and residents of Pennsylvania, must direct the balance to be paid to the administrator of the domicile. This may sometimes operate hardly, as it seems to do on the appellant in this case, who fears that she is barred by not having put in her claim in time to the foreign administrator. That she must impute to her own mistake or neglect. But the general rule is a just and wise one. On any other we might give preference to one creditor over another, and debar, perhaps, those interested in the decedent's estate from availing themselves of a legal defence to the claim. The matter of the first assignment does not seem to have been made an exception in the court below; if it had been, no doubt the required authentication of the record of the grant of administration in Iowa could have been obtained.

> Decree affirmed, and appeal dismissed at the costs of the appellant.