## Welles's Estate. Security Company's Appeal. Steinman's Appeal.

*Decedents' estates—Ancillary administration—Distribution of surplusage of personal estate.*

While the general rule requires that the surplusage of personal estate shall be remitted from the ancillary to the domiciliary jurisdiction for distribution, the court of the ancillary jurisdiction will not remit such surplusage where there are parties entitled to share in such property claiming distribution in the ancillary jurisdiction, and there are no domiciliary creditors.

*Intestate laws of Connecticut—Distribution.*

Under the laws of Connecticut, where a person dies intestate without leaving husband or wife, issue, parents, or brothers and sisters, " the estate shall be distributed equally to the next of kin to the intestate of the blood of the person or ancestor from whom such estate came or descended." *Held* (1) that the act applied to both real and personal estate ; and (2) that a sale of inherited real estate by the intestate in his lifetime did not change the ancestral character of the estate or change the direction of its descent.

Argued Feb. 28, 1894. Appeals, No. 301 and 349, Jan. T., 1894, by Security Company, admr. of Hubert G. Welles, deceased, and Caroline H. Steinman, from decree of O. C. Berks Co., Dec. T., 1893, distributing estate of Hubert G. Welles,

deceased.  Before STERRETT, C. J., GREEN, WILLIAMS, MC-
COLLUM and DEAN, JJ.  Affirmed.

Exception to adjudication of administrator's account.

From the report of the auditing judge, BLAND, P. J., it ap-
peared that Hubert G. Welles, a minor, domiciled in Connecti-
cut, died on March 24, 1892, possessed of a fund in the hands
of a Pennsylvania guardian.  Letters of administration upon
the estate were granted by the probate court of Hartford, Con-
necticut, to the Security Company, one of the appellants.  At
the special request of the Security Company, principal admin-
istrator of decedent, the register of wills of Berks county, Pa.,
granted ancillary letters of administration to Wm. J. Young.
On the settlement of the guardian's account, the balance was
distributed by the orphans' court of Berks county to William J.
Young, the decedent's Pennsylvania administrator, and com-
prised the entire assets coming into his hands.  Upon the set-
tlement of the administration account, a balance of $1,376.01
remained for distribution.

The fund in dispute had the following origin : John M. Hale,
the maternal grandfather of the decedent, died Feb. 4, 1869,
intestate, seized at the time of his death of certain real estate
situate in Reading, Pa.  He left to survive him a widow, since
deceased, and five children, one of whom was Susan M. Hale,
the mother of decedent.  Susan M. Hale, who had been mar-
ried to Thomas G. Welles, died Dec. 18, 1880, intestate, leav-
ing to survive her a husband, who afterwards died, and two
children, viz., Hubert G. Welles, the decedent, and John M.
H. Welles, who died a minor, April 4, 1882, unmarried, and
without issue.  Proceedings in partition in the orphans' court
of Berks county took place in 1883, resulting in a sale of the
above-mentioned real estate, whereby decedent's one-fifth in-
terest in said real estate was converted into the present fund.
The decedent left to survive him neither father nor mother,
nor any lineal descendants, nor any brother or sister of the
whole blood, nor descendants of any.  His surviving next of
kin of his mother's blood was Caroline H. Steinman, his mother's
sister, one of the appellants.  He also left two half-brothers,
Samuel and Thomas Welles, children of his father by a second
wife, who are domiciled in the state of Connecticut.

The Connecticut statute for distribution of intestates' estates is as follows: "If there be no children or any legal representatives of them, then, after the portion of the husband or wife, if any, is distributed or set out, the residue of the estate shall be distributed equally to the brothers and sisters of the intestate, of the whole blood and those who legally represent them, and if there be no such kindred, then to the parent or parents, and if there be no parent, then equally to the brothers and sisters of the half blood and those who legally represent them, and if there be no parent and no brother or sister or those who legally represent them, then equally to the next of kin in equal degree, kindred of the whole blood to take in preference to kindred of the half blood in equal degree, and no representatives to be admitted among collaterals after the representatives of brothers and sisters; but all the real estate of the intestate which came to him by descent, gift, or devise from any kinsman, shall belong equally to the brothers and sisters of the intestate and those who legally represent them of the blood of the person or ancestor from whom such estate came or descended, and in case there be no brothers and sisters or legal representatives as aforesaid, then equally to the children of such person or ancestor and those who legally represent them, and if there be no such children or their representatives, then equally to the brothers and sisters of such person or ancestor and those who legally represent them, and if there be none such, then it shall be divided in the same manner as other real estate; provided, that when such intestate shall be a minor and shall not leave any lineal descendants, or brother or sister of the whole blood, or any descendants of such brother or sister, or any parent, such estate shall be distributed equally to the next of kin to the intestate of the blood of the person or ancestor from whom such estate came or descended; and if there be no such kindred, then to the next of kin of the intestate generally, and in ascertaining the next of kin in all cases the rule of the civil law shall be adopted and the real estate, subject to dower or to the life-use of husband or wife, remaining undivided at the expiration of such term, shall be distributed in the same manner by the same or other distributors, or the same may be distributed during the continuance of said life-interest and subject thereto."

The entire fund was claimed by Caroline H. Steinman, the maternal aunt of the decedent, alleging that she was the next of kin of Hubert G. Welles, of the blood of the person or ancestor from whom the property in dispute descended. The Security Company, of Hartford, Connecticut, principal administrator of the decedent, also claimed the entire fund, alleging that the distribution should be made by the courts of Connecticut, and that under the law of that state the fund passed to the half-brothers. At the time the orphans' court of Berks county filed its first adjudication, all parties were under the impression that Mrs. Susan M. Welles at the time of her death left but one son, viz., Hubert G. Welles, the decedent. The court therefore awarded the entire fund to Caroline H. Steinman. The Security Company, administrator, filed exceptions, introduced proof of the fact that Mrs. Welles, at her death, left two sons, viz., Hubert G. and John M. H. Welles. The court thereupon amended its former decree by awarding one half of the fund to the Security Company, administrator of Hubert G. Welles, deceased, and one half to Caroline H. Steinman; whereupon both parties appealed.

*Errors assigned* were dismissal of exceptions, quoting them, and distribution.

*William J. Young*, for appellant, Security Company.—The fund should have been remitted to the forum of domicil: 2 Kent's Com. 428; Mothland v. Wireman, 3 P. & W. 185; Dent's Ap., 22 Pa. 514; 2 Stark. Ev. 459; Lawrence v. Kitteridge, 21 Conn. 584. ·

The court erred in the distribution: Pennell's Ap., 20 Pa. 515; Hay's Ap., 52 Pa. 449; McCune's Ap., 65 Pa. 450; Kann's Est., 69 Pa. 219; Austin v. Wight, 38 Conn. 405; U. S. v. Dickson, 15 Pet. 141; Endlich on Int. of St. § 186; Terry's Ap., 28 Conn. 339; Bristol v. Austin, 40 Conn. 438.

*Isaac Hiester*, for appellee, Caroline H. Steinman.—The court found as a fact that there are no creditors of the decedent in Connecticut. It is not proper, therefore, that the fund should be transmitted to the Connecticut administrator for distribution, where there are Pennsylvania claimants: Dent's

Ap., 22 Pa. 514; Parker's Ap., 61 Pa. 478; Del Valle's Est., 17 W. N. 30.

The act refers to both real and personal property: Rex v. Newark, 3 B. & C. 71; Mechanic's Bank's Ap., 31 Conn. 63; Clark's Ap., 58 Conn. 207; Myer v. Car Co., 102 U. S. 11; Pratt v. Street Commissioners, 139 Mass. 559; Austin v. Wight, 38 Conn. 405.

*Isaac Hiester*, for appellant, Caroline H. Steinman.—Susan M. Welles left to survive her two children, Hubert and John, to whom her real estate in Reading, derived from her father, descended. On John's death his half passed to Hubert. Afterwards it was converted into money. Hubert died a minor while residing in Connecticut, owning this money, leaving no brother or sister of the whole blood, or any descendants of such brother or sister, or any parent. The statute of Connecticut provides that the estate of such minor shall be distributed equally to the next of kin of the intestate of the blood of the person or ancestor from whom such estate came or descended.

Hubert acquired this estate as land under the laws of Pennsylvania. We must, therefore, look to the law of Pennsylvania for an answer to the question from whom it came to Hubert.

The maxim under our statutes as well as at common law is that he who claims an estate must show himself heir to him from whom it descended as perquisitor: 2 Bl. Com. 243; Lewis v. Gorman, 5 Pa. 166.

How did Hubert derive his title to the land? Obviously, by virtue of an inheritable quality inherent in the title which caused the land to descend to him. This inheritable quality came not from the mother's or John's previous ownership, but from the first purchaser's acquisition. Hubert derived title by showing himself heir to John M. Hale: 2 Bl. Com. 208.

*William J. Young*, for appellee, Security Company.—Admitting, as appellant does, that this fund is personalty and must be distributed in accordance with the law of Connecticut, we are at loss to see how, in view of the ruling of the Connecticut courts, appellant can contend that the fund is to be distributed to the next of kin to Hubert G. Welles of the blood of John

M. Hale, the remote ancestor: Buckingham v. Jacques, 37 Conn. 404; Clark v. Shailer, 46 Conn. 122.

## SECURITY COMPANY'S APPEAL.

OPINION BY MR. CHIEF JUSTICE STERRETT, April 23, 1894:

All the material facts of this case sufficiently appear in the record of the court below, and hence special reference to them is unnecessary.

The question whether the fund for distribution is to be regarded as real or personal estate is answered by application of the principle of Wentz's Appeal, 126 Pa. 541, and cases there cited. It was in fact and in law personalty when the owner died, and is distributable as such.

While the general rule requires that the surplusage of personal estate shall be remitted from the ancillary to the domiciliary jurisdiction for distribution, Barry's Appeal, 88 Pa. 131, there is a well recognized exception, which grew out of the duty of every government to protect its own citizens, where there are parties entitled to share in such property claiming distribution in the ancillary jurisdiction, and no domiciliary creditors. In such case, the court will not send the parties, to seek their rights at great and unnecessary expense and delay, to a foreign tribunal; but will make distribution in accordance with the law of the domicil; and the situs rei, the presence of the parties and the principles of justice, public law, and international policy, sustain its assumption of jurisdiction: Dent's Appeal, 22 Pa. 514; 2 Kent's Com. 433. There are admittedly no domiciliary creditors of this decedent.

But is there a resident claimant entitled to share in the fund for distribution? The proviso to the Connecticut intestate law declares that in cases like the present, "the estate shall be distributed equally to the next of kin to the intestate of the blood of the person or ancestor from whom such estate came or descended," and that "in ascertaining the next of kin in all cases the rule of the civil law shall be adopted." Half of the present "estate," having been derived through decedent's mother, was properly awarded to appellee, and the other half, having been derived through decedent's brother, to appellant under that rule.

The appellant insisted that the proviso to said intestate law was only applicable to real estate, and consequently not to this

fund; but it was authoritatively settled in Clark's Appeal, 58 Conn. 207, that it embraced both real and personal estate. "The purpose of the proviso," said the court, "manifestly is to take the ancestral estate of a certain class of intestates out of the operation of the statute and to give to that estate, whether it be real, or real and personal estate which is referred to, a different direction from that it would take but for the proviso."

So it was urged that the sale of the real estate which Hubert G. Welles had inherited destroyed the ancestral character of the estate, and that it must take from that fact a new direction. But the obvious answer to this is that the statute by its terms operates on the "estate," and form is therefore immaterial. No matter through how many transmutations it may pass, so long as it can be identified it is still an "ancestral estate." The substance remains although the form is changed and is within both the letter and spirit of the statute.

The cases of Terry's Appeal, 28 Conn. 339, and Bristol v. Austin, 40 Conn. 438, cited for appellant, have no application to the facts of this case.

It follows from what has been said that there is no error in the decree.

Decree affirmed and appeal dismissed with costs to be paid by the appellant.

### CAROLINE H. STEINMAN'S APPEAL.

OPINION BY MR. CHIEF JUSTICE STERRETT, April 23, 1894:

The questions involved in this appeal grew out of substantially the same state of facts as was presented in Security Company's Appeal, same estate, No. 301, January T., 1894, and have been sufficiently considered in opinion just filed in that case. For reasons there given the decree should be affirmed.

Decree affirmed and appeal dismissed with costs to be paid by appellant.