## Middleby's Estate.

*Decedents' estates — Ancillary administration — Pennsylvania creditors—Foreign creditors—Trust funds—Identification.*

1. While it is a general rule that where an ancillary administration has been raised in this State the fund in the hands of the accountant will be applied to the payment of domestic creditors and the balance remitted to the domiciliary jurisdiction, the court may, in its discretion, if the facts warrant, make distribution of the entire fund. It is not error for the Orphans' Court to follow the general rule where the estate appears to be solvent, although one of its assets consists of a surcharge against the accountant and it is contended that in the event of the amount of such surcharge not being collected the estate would be insolvent and the rule which allows foreign creditors of the decedent to share in the distribution would apply. The court in such case is not obliged to assume that the surcharge would not be paid.

2. Suit brought by a foreign creditor against the estate of a decedent upon which ancillary letters have been granted in Pennsylvania does not make such foreign creditor a domestic creditor or give it a preference over other creditors in the distribution of the fund in the hands of the accountants where the estate is solvent and the will has worked a conversion which was complete at the death of the testator. As the fund raised by the sale of real estate was assets for the payment of debts and freed as to any part of it from the act relating to the lien of decedent's debts, such suit only adjudicated the amount due the claimant from the debtor's estate, and fixed the amount to be claimed in distribution of the debtor's assets in the hands of the domiciliary testamentary representatives.

3. Where in such case it was claimed by an automobile company, a foreign corporation, that it had deposited funds with decedent in Pennsylvania, as a guarantee to take automobile cars

under certain contracts, and that it should be allowed repayment of this fund which it was claimed was identified in the hands of the executors, the Orphans' Court made no error in refusing the claim where it found as a fact, based upon competent evidence, that it was impossible to trace such alleged trust fund into the hands of the accountant.

Argued March 2, 1915. Appeal, No. 72, Jan. T., 1915, by the Marshall Auto Company, from decree of O. C. Berks Co., Sept. T., 1912, Nos. 66 and 67, and March T., 1914, No. 36, dismissing exceptions to adjudication in Estate of Joseph Middleby, deceased. Before MESTREZAT, POTTER, ELKIN, MOSCHZISKER and FRAZER, JJ. Affirmed.

Exceptions to adjudication. Before BUSHONG, P. J.

The opinion of the Supreme Court states the facts.

The court dismissed the exceptions. The Marshall Auto Company appealed.

*Error assigned* was in dismissing the exceptions.

*William Kerper Stevens,* with him *William B. Bechtel,* for appellants.

*William Rick,* for appellee.

OPINION BY MR. JUSTICE MESTREZAT, April 19, 1915:

The facts of the case fully appear by the adjudication of the learned court below, and we sustain the decree which was entered. The appellant company is a foreign creditor which brought suit and obtained a judgment against the executors in the Court of Common Pleas of Berks County within two years after the death of the decedent. He was a citizen of, and resided in the state of Massachusetts. At the time of his death he was engaged in the automobile manufacturing business in the City of Reading, this State. He died May 20, 1911, and by his will dated two days prior thereto directed that his

real estate in Pennsylvania, being the automobile manufacturing plant, be sold by his executors, which was subsequently done. Domiciliary testamentary letters were granted in Massachusetts and ancillary letters were granted in this State. There were creditors in both jurisdictions. The learned court below found that the estate was solvent, awarded payment of the claims of Pennsylvania creditors, declined to permit foreign creditors, including the appellant company, to participate in the distribution of the fund raised in Pennsylvania, and entered a decree awarding the balance in the hands of the ancillary executors, after payment of the Pennsylvania creditors, to the domiciliary executors in Massachusetts.

The appellant and other similar creditors claimed a preference out of the fund for distribution on the ground that their claims were for money deposited as a guaranty to take automobile cars under contracts, and that, therefore, the fund deposited was a trust fund which they had sufficiently traced and identified in the hands of the executors. Whether these claimants sufficiently identified the fund or not was a question of fact which was found against the appellant by the learned court below which held: "Whatever the original arrangement may have been as to the holding of these deposits, these preferences cannot be allowed for the reason that whatever funds were on hand at the time of the decedent's death have long since been expended, and it is impossible for the claimants to trace their trust funds into any fund now in existence."

We do not agree that the suit brought by the appellant company in this jurisdiction made it a domestic creditor or gave it a preference over other creditors in the distribution of the fund in the hands of the accountants. The estate is solvent and the will having worked a conversion which was complete at the death of the testator, the fund raised by the sale of the real estate was assets for the payment of debts and freed as to any part of it from

the operation of the act relating to the lien of decedent's debts: McWilliams's App., 117 Pa. 111; Mustin's Est., 194 Pa. 437. The action brought in the Common Pleas did not change the nature of the claim nor give it a preferential standing ·in the distribution against other claimants. It adjudicated the amount due the claimant from the debtor's estate. It will be entitled to allowance in the distribution of the debtor's assets in the hands of the domiciliary testamentary representatives. If payment of the claims of the appellant and other nonresident creditors presented to the court below had been allowed, the domestic creditors would not have been paid in full out of the fund for distribution here and they would have been compelled to seek payment of the residue of their claims in the forum of the domicile. This would be a departure from the well settled rule observed in this State that domestic creditors will be paid out of the fund in the ancillary jurisdiction, as well as an unjustified discrimination between nonresident creditors.

The learned judge of the court below in his adjudication says: "The Pennsylvania claims of the decedent will be paid out of the fund now to be distributed, and since this is a solvent estate, the general rule will be followed (see Barry's App., 88 Pa. 131), and the balance of the fund will be remitted to Massachusetts where the non-Pennsylvania claimants may present their claims." In Barry's Appeal, 88 Pa. 131, 133, we said: "It is well settled that in the case of an ancillary administration in this State of the estate of a decedent whose domicile was in another state or country, the Orphans' Court, after having paid all lawful claimants on the fund who are citizens and residents of Pennsylvania, must direct the balance to be paid to the administrator of the domicile. This may sometimes operate hardly, as it seems to do on the appellant in this case, who fears that she is barred by not having put in her claim in time to the foreign administrator. That she must impute to her own mistake or neglect. But the general rule is a just

and wise one." We recognized the principle in Laughlin
& McManus v. Solomon, 180 Pa. 177, 179, where we said
in referring to cases on ancillary administration that
they "uniformly hold that the duty of the ancillary ad-
ministrator here is to account to domestic creditors, and,
after they are satisfied, to pay over the balance to the
primary or domiciliary administrator."

While the general rule is, as stated in the cases re-
ferred to, that where an ancillary administration has
been raised in this State the fund in the hands of the
accountant will be applied to the payment of domestic
creditors and the balance remitted to the domiciliary
jurisdiction, the court may, in its discretion, if the facts
warrant, make distribution of the entire fund. In the
recent case of Bertin's Est., 245 Pa. 256, it was held:
"Upon the adjudication of an ancillary administra-
tor's account, the Orphans' Court has a right to exercise
its discretion in deciding whether it will distribute the
fund itself among the parties entitled to it or remit it to
the forum of the domicile for that purpose." This was in
effect decided in Dent's App., 22 Pa. 514; Welles's Est.,
161 Pa. 218, and other cases where it appeared there were
no domiciliary creditors to participate in the surplus
after the payment of domestic creditors, and where the
distributees asked that distribution be made in order to
avoid delay and expense of remitting the fund to the
forum of the domicile. In the case in hand, the debts of
the decedent owing to Pennsylvania creditors amount
approximately to $22,000, and to non-Pennsylvania
creditors approximately to $17,000, and we can see no
reason why the general rule should not, as suggested by
the learned court below, be applied in this case. Part of
the fund for distribution is a surcharge and it was sug-
gested that if it could not be collected the estate would
be insolvent and, therefore, the rule which allows foreign
creditors of the decedent to share in the distribution
would apply. The learned judge, however, said in his
reply to the suggestion that he could not assume that

the surcharge would not be paid, and that the distribution ordered should not be carried out unless it could be carried out fully and completely, otherwise the accountants should hold the fund subject to the further order of the court made in pursuance of the proceedings provided in the rule of his court.

The decree is affirmed.