## Middleby's Estate.

*Jurisdiction, O.C.—Decedents' estates—Ancillary administration —Foreign creditors.*

1. Suit brought by a foreign creditor against the estate of a decedent upon which ancillary letters have been granted in Pennsylvania does not make such foreign creditor a domestic creditor; and it is the general rule that where ancillary administration has been raised in this State the funds in the hands of the accountant will be applied to the payment of domestic creditors, and the balance remitted to the domiciliary jurisdiction.

2. A resident of Massachusetts who owned an automobile manufacturing business in Pennsylvania, directed by will that the business be conducted by his executors after his death. A Michigan creditor, who had furnished automobile axles to the business obtained judgment against the executors in this State for want of an affidavit of defense, and thereafter three automobiles belonging to the estate were levied upon. The executors petitioned the Common Pleas for stay of execution alleging that the assets in their hands should be employed for payment of Pennsylvania creditors; plaintiffs claimed a preference on the ground that the axles sold by them had been used in the automobiles levied upon. Without determining the question, the court empowered the executors to sell the automobiles and hold the fund so realized until the court should determine whether the cars were liable to such execution. In proceedings in the Orphans' Court for the settlement of the estate it appeared that the sum realized from the sale of the cars exceeded the amount of plaintiff's claim, but no formal request was made to the Orphans' Court to hold the funds so as to give the claimant an opportunity to have the Common Pleas speed the determination of the question, but request was made that the claim for a preference be allowed by the Orphans' Court. It was not shown that the particular axles furnished were not paid for although there was a balance due the claimant. The Orphans' Court directed that after the payment of Pennsylvania creditors, the remaining assets of the estate in Pennsylvania should be re-

mitted to the Massachusetts executors for distribution in Massachusetts, where the decedent was domiciled. *Held,* no error.

Argued May 2, 1916. Appeal, No. 93, Jan. T., 1915, by Timken-Detroit Axle Company, from decree of O. C. Berks Co., Sept. T., 1912, Nos. 66 and 67, and March T., 1914, No. 36, refusing to order distribution to claimant in Estate of Joseph Middleby, deceased. Before MES-TREZAT, POTTER, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Exceptions to adjudication. Before BUSHONG, P. J.

The facts appear by the opinion of the Supreme Court.

The lower court directed that after distribution to Pennsylvania creditors the remaining assets be accounted for by the ancillary executors to the executors in Massachusetts, where original letters testamentary were issued. Timken-Detroit Axle Company appealed.

*Error assigned,* among others, was the decree of the court.

*Cyrus G. Derr,* with him *Walter B. Freed,* for appellant.—Where testator directs his executors to carry on his business he subjects the assets of his estate to debts contracted for that purpose: Furst v. Armstrong, 202 Pa. 348.

The court should have set aside sufficient proceeds from the sale of the automobiles to pay the debts owing the claimants: Middleby's Est., 249 Pa. 203.

*William Rick,* for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, July 1, 1916:

At the adjudication of an account filed by the ancillary executors of Joseph Middleby, deceased, in the Orphans' Court of Berks County, the Timken-Detroit Axle Company, a corporation under the laws of Michigan, "pre-

sented a claim for a preference," based on "the ground
that they had sold the executors axles that were not paid
for" and had "obtained a judgment against the executors
and levied upon certain cars." All the adjudication
states upon the subject of this claim is: "It was not even
shown that the axles of the cars levied upon were not
paid for, and there seems to be no theory upon which any
preference can be allowed." The court below decreed
accordingly, the axle company filed exceptions which
were dismissed, and the claimant has appealed.

The decedent, a resident of Massachusetts, conducted
an automobile concern in the City of Reading, Pennsyl-
vania; he died May 20, 1911, leaving a will which author-
ized his executors to continue the business in this State
until they could properly dispose thereof; they carried
it on for some time.; July 23, 1912, the axle company
brought an action against them in the Court of Common
Pleas of Berks County, for $2,470.29. The plaintiff
claimed that, "in carrying on the said automobile manu-
facturing business," the defendants bought of it mer-
chandise in the amounts set forth in certain attached
book entries. Judgment was taken "by default for want
of an affidavit of defense." August 24, 1912, the defend-
ants filed a petition in the Common Pleas in which they
recited this judgment, that execution had been issued
thereon, that the sheriff had levied upon certain auto-
mobiles in their hands, that the decedent's estate, as a
whole, was solvent, and that these assets "should be held
for the payment of the debts of the creditors of said de-
cedent residing in Pennsylvania"; they prayed for a
stay of execution. The axle company filed an answer in
which it averred, inter alia, that "the three automobiles
levied upon......were manufactured and made up en-
tirely of material and parts purchased by said executors
after the death of the said Joseph Middleby and while
the said executors were carrying on the business......,
and the materials purchased from said plaintiff......
having gone into the said automobiles, the said plaintiff

avers that, as to the said automobiles, the creditors whose claims so accrued......constituted a class having a priority......and said plaintiff should not be deprived of the said priority by a stay of or interference .with the execution......issued." No hearing was had upon the petition and answer, but on October 26, 1912, the Common Pleas entered an order to this effect: "Permission is given said executors to sell the automobiles levied upon......and the proceeds thereof shall be retained......until such time as the petition for the stay of said executions shall be acted upon by the court, and if it shall be determined that said automobiles are subject to and liable for said executions......then the said ......executors shall pay over to the constable and the sheriff the amounts received......from such sales, as their respective interests may appear."

While the above quoted order evidently was intended to cover more than the execution here under discussion, and refers to "the constable and the sheriff," yet there is nothing else before us indicating any execution other than the one in question, or what interest the constable had in the matter; but, however that may be, so far as the record shows, it appears that no further effort was made to have the Court of Common Pleas determine whether or not the automobiles levied upon were "subject to and liable for said executions," or, if so, "the respective interests" of the constable and sheriff. Furthermore, the record shows that when the estate came on for adjudication in June, 1914, about seventeen months after the stay was applied for, although it was then admitted that the sum realized from the sale of the automobiles levied upon exceeded the plaintiff's claim, yet no formal request appears to have been made of the Orphans' Court to hold the fund in controversy so as to give the claimant an opportunity to have the Common Pleas speed the determination of the questions just indicated; on the contrary, the request was that the claim for a preference be forthwith allowed

by the Orphans' Court, and, when this was declined, the exceptions filed by the claimant, the dismissal of which is assigned for error, did not specifically complain of any refusal to hold the fund, but, simply, because the court "erred in not distributing to the said Timken-Detroit Axle Company the amount of its claim."

Under the circumstances at bar, we cannot say the court below erred when it refused to make an exception of the claim in question and ruled that, after payment of Pennsylvania creditors, "since this is a solvent estate, the general rule will be followed (see Barry's App., Foster's Est., 88 Pa. 131) and the balance of the fund remitted to Massachusetts where the non-Pennsylvania claimants may present their claims." In this connection, it is to be noted that, although the executors bought axles from the claimant, yet it was proved they had made payments exceeding the amount of their purchases, and, as stated by the adjudicating judge, it was by no means shown the axles in the cars levied upon were not paid for; further, it was not proved whether these particular axles were purchased before or after Mr. Middleby's death. While judgment was obtained against the executors by default in the Common Pleas, yet it will be observed from the record of that court, as we have recited it, that none of the points above indicated was there determined, and, in addition, it will be noticed that not only was there a failure to ask the Orphans' Court to hold the fund pending a further application to the Common Pleas, but, as just suggested, the claimant also failed to prove the salient facts upon which he relied to show his right to a preference, when given the opportunity so to do in the Orphans' Court.

In Middleby's Est., 249 Pa. 203, we held that "suit brought by a foreign creditor against the estate of a decedent upon which ancillary letters have been granted in Pennsylvania, does not make such foreign creditor a domestic creditor," and that "it is a general rule that, where ancillary administration has been raised in this

State, the fund in the hands of the accountant will be applied to the payment of domestic creditors and the balance remitted to the domiciliary jurisdiction." The court below very properly accepted these rulings as its guide in the present case, and decided that the Act of March 31, 1905, P. L. 91, relied upon by the claimant "to demonstrate that foreign creditors of the decedent should be taken care of by this court (the Orphans' Court of Berks County), "should be construed to direct a distribution to foreign creditors only as an incident to the distribution to resident legatees and devisees"; this is in accord with what we said in discussing the Act of 1905 in Bertin's Est., 245 Pa. 256, 263.

The assignments of error are overruled, and the decree is affirmed; the appellant to pay the costs.