## Mamato's Estate

332

*William K. Given, Jr.,* for accountant.

*Thomas W. Pomeroy, Jr.,* for legatee-exceptant.

*Harry F. Stambaugh* and *George F. Taylor,* for claimants.

TRIMBLE, P. J., January 16, 1942.—Exceptions have been filed to the decree of distribution by the sole legatee of decedent alleging the orphans' court has no jurisdiction in an ancillary administration to entertain the claims of residents of Greece, the domicile of testator. Exceptions have also been filed by the Ionian Bank to the distribution of the moneys due it to the clerk of the orphans' court to be carried in a special account for foreign funds and to the preference given interest on the assignments of decedent to John D. Giagourtas and John D. Giagourtas & Company.

The general rule is that an orphans' court in an ancillary administration, where there are no local creditors or where all local creditors have been paid, should direct the balance to be paid to the administrator of the domicile: Miller's Estate, 3 Rawle 312; Barry's Appeal, 88 Pa. 131; Laughlin et al. v. Solomon, etc., 180 Pa. 177; Middleby's Estate, 249 Pa. 203. However, this rule is not absolute or inflexible. The court may exercise its discretion to distribute directly to the foreign legatee or creditor in an ancillary administration if, in the circumstances, it deems such distribution

proper: Dent's Appeal, 22 Pa. 514; Bertin's Estate, 245 Pa. 256; Welles' Estate, 161 Pa. 218; Wolfe et al. v. Lewisburg Trust & Safe Deposit Co., 305 Pa. 583; A. L. I. Restatement of Conflict of Laws, §522.

The argument for distribution to the administrator at the domicile is that there is a presumption the money will be lawfully distributed to the persons entitled thereto. There can be no such presumption in a country which has lost its sovereignty to a conqueror, one with whom our country is at war, as Greece has, and there is no reason to jeopardize the whole of this fund by sending it to Greece without knowing that the persons entitled to it would receive it. The testimony shows that under Greek law the primary legatee acts as administrator and is charged with the responsibility of paying creditors and legatees. The matter does not get into court unless differences arise between the parties entitled to payment. The testimony shows that decedent's sole legatee will not or cannot answer correspondence. Her ability to pay those entitled to distribution may well be doubted. In addition no funds can be transferred to Greece, for the President of the United States, by executive order no. 8389, as amended, has blocked all transfers to that country as of April 28, 1941. The testimony does not disclose any domiciliary creditors. Consequently this court, recognizing that the power to make distribution upon the grant of ancillary letters is not always limited to local creditors, has exercised its discretion and considered the validity of the claims of the foreign creditors.

The testimony shows that the assignments of decedent dated January 4 and 5, 1937, to John D. Giagourtas and John D. Giagourtas & Company of $300 and $500, respectively, of the amount on deposit in his name in the Mellon National Bank have been properly proved. By these assignments decedent transferred ownership of these amounts of the sum on deposit to the assignee. Accordingly, the assignee is entitled to a proportional

'share of the interest earned by said deposit and such interest is entitled to the same priority as the amounts assigned since it is the increment earned thereon. Counsel have agreed that the amount of interest earned on the $300 assignment from January 4, 1937, to December 15, 1940, is $27.33 and on the $500 assignment from January 5, 1937, to December 25, 1940, is $45.61.

Decedent's signature to the check presented for payment, which is the basis of the claim of the Ionian Bank, is questioned. Credible witnesses have testified, two that the signature is genuine and two that it is not. If this were the only testimony a finding by the jury would not be set aside but depositions have been offered in evidence whose weight indicates that decedent did sign the check. They show that he admitted his signature. After hearing and considering all the testimony, the trial judge found the handwriting of the check to be genuine. We concur in his decision.

Because of the executive order of the President mentioned above blocking transfers to Greek nationals, distribution of the amount due the Ionian Bank was decreed to the clerk of the orphans' court to be carried in a special account for foreign funds. The Ionian Bank filed an exception to this distribution and on the basis of this exception the court permitted the decree to be opened and a further hearing held. The additional testimony shows that a license has been issued by the Secretary of the Treasury to the Guaranty Trust Company of New York to operate the account of the Athens branch of the Ionian Bank, Ltd., a British subject, as the account of a "generally licensed national," which releases this claimant from executive order no. 8389, as amended. Distribution of the amount due, less attorneys' fees and expenses, will be decreed to the Ionian Bank, Ltd.

The exception of the Ionian Bank to the distribution of the amount due it to the clerk of the orphans' court will be sustained. All others exceptions will be dis-

missed. The schedule of distribution dated October 31, 1941, will be vacated and a new decree entered.