## Hazel Estate

*Warren S. Spaulding* and *Fell & Spaulding*, for exceptant.

KLEIN, P.J., March 10, 1961.—Beulah F. Hazel died on November 19, 1959, a resident of Smyrna, Del., leaving a will dated November 14, 1941, of which Fidelity-Philadelphia Trust Company of Philadelphia was named executor. Her estate, which had a value of approximately $175,000, consisted chiefly of cash, shares of common stocks and bonds. Apparently the principal part of her estate was located in Philadelphia, although there is nothing in the record before us to substantiate this fact except the statement made by counsel in his brief at the argument sur exceptions to the adjudication.

The will was offered for probate by the executor in this county and letters testamentary were granted by the register of wills pursuant to section 301 of the Register of Wills Act of June 28, 1951, P. L. 638, which provides:

". . . If the decedent had no domicile in the Commonwealth, his will may be probated before the register of any county where any of his property is located."

In the statement of proposed distribution filed at the audit, the executor asked that distribution of the personal effects be awarded to the administrator of the

Estate of Blanche H. Messick, deceased, a legatee named in the will, and that the residue be awarded to itself as trustee. Judge Bolger, the auditing judge, refused to make the award as requested and said:

"In view of the appointment by the Register, this Court has the right to pass upon the administration of the estate as reflected in the account. *However, this Court is unwilling to make any awards in pursuance of the terms of the will to any person other than a personal representative to be appointed and duly qualified in the State of Delaware, the domicile of the decedent.*" (Italics supplied)

Exceptions have been taken to the auditing judge's refusal to make the awards as requested by it.

We believe we are safe in saying that more than 99 percent of the accounts of personal representatives, which are presented to this court for audit, are in the estates of decedents who were domiciled in Philadelphia County at the time of death. In all such cases there can be no doubt that the orphans' court has exclusive jurisdiction to make full and final distribution of decedent's assets to the persons entitled thereto: Orphans' Court Act of August 10, 1951, P. L. 1163, sec. 301(1).

The question whether distribution should be awarded to another personal representative, rather than directly to the distributees, arises most frequently where the account is that of an ancillary administrator, an administrator pendente lite or, in situations such as that which confronts us in the present case, where decedent was domiciled in another jurisdiction and letters are issued to a personal representative in this county because decedent had assets here.

The law appears to be well settled that in all such cases the orphans' court may, in its discretion, distribute the fund to the parties entitled to it, or may

remit it to the forum of the domicile for that purpose: Easby's Estate, 285 Pa. 60 (1926); Bertin's Estate, 245 Pa. 256 (1914); Viosca's Estate, 197 Pa. 280 (1900); Dent's Appeal, 22 Pa. 514 (1854); Noble Estate, 71 D. & C. 183 (1950).

It has been the uniform practice of this court in such cases, after making provision for the protection of the rights of citizens of the Commonwealth who may be interested as creditors, legatees or in any other manner, to award the balance of the estate to a personal representative duly appointed and qualified at the place of decedent's domicile. See Middleby's Estate, 249 Pa. 203 (1915); Laughlin & McManus v. Solomon, 180 Pa. 177 (1887); Barry's Appeal, 88 Pa. 131 (1878). If the amount to be distributed is very small, or if it is unlikely that the rights of creditors or other persons could be affected because many years have elapsed since decedent died, we may, in the exercise of our discretion, make direct awards at the request of the parties.

Counsel for exceptant has called our attention to two cases* in which judges of this court were persuaded to make direct awards in situations comparable to that which exists in the present case. Because of these two adjudications, the accountant apparently takes the position that the manner of distribution is no longer discretionary with the court in such cases, but that it is mandatory to award direct distributions in all cases, obviating administration at the domicile.

We unequivocally reject this contention, even if, by so doing, we are obliged to concede that the course followed in the two cases referred to was questionable,

---

* Fell Estate, 274 of 1960, Saylor, J., auditing judge, Fell and Spaulding, counsel; Baumgardner Estate, 3693 of 1955, Klein, P. J., auditing judge, Fidelity-Philadelphia Trust Company, executor and trustee.

if not actually in error. In the future, except for the most compelling reasons, we will not make awards in cases of this nature other than to a personal representative appointed at the domicile.

If the estate of a decedent were not required to be administered in the forum where he lived, after adequate notice of his death, it would be a simple matter for a person to deposit his assets in a distant State and thereby put them beyond the reach of his creditors when he died. It might be extremely difficult for creditors, not only to learn of the death, but also to ascertain where a decedent's assets were located, and they would be compelled to maintain constant vigilance in every hamlet in the land to protect their interests.

But much more than the rights of creditors is involved. In the present case there is no evidence that notice of any kind of the death of Beulah F. Hazel, the testatrix, was given by advertisement or otherwise in Smyrna, Del., where she resided.

The will, which has been probated in this county, was executed in 1941, 18 years before testatrix died. Many things could have occurred in the intervening years at the place of her domicile. She could, for example, have made a later will, revoking the will which has been probated in this county. She could have married, or had children, or, if past the age of child-bearing, could have adopted children. Furthermore, the manner in which this will was executed may not have been in accordance with the laws of the State of Delaware and the distribution here requested may not be valid under its laws.

Notice to all interested parties is the keystone upon which all procedure in the orphans' court is predicated. Once distribution is made, irreparable harm could be inflicted upon persons who had no notice or knowledge of the proceedings. Without the requirements of notice, a creditor or any other person inter-

ested in a decedent's estate would not be in a position to protect his interests adequately.

There is nothing in this record which would have justified the auditing judge, in the exercise of his discretion, in awarding the assets to anyone but a personal representative at decedent's domicile in Delaware, as he quite properly did.

The exceptions are dismissed and the adjudication is confirmed absolutely.