## Stelter Estate

*Zelig Breakstone,* for account.

*J. Craig Kuhn,* of *Kuhn, Engle, Blair & Stein,* contra.

BOYLE, P. J., March 29, 1973.——By memorandum opinion and decree entered July 24, 1972, the Orphans'

Court Division sitting en banc sustained, in part, the exceptions filed by Mildred E. Mutch, ancillary administratrix of the estate of Mary C. Stelter, deceased, and opened, in part, the decree of distribution entered March 17, 1972. The case was referred back to the auditing judge for final hearing and disposition of the exceptions.

Pursuant to the decree of July 24, 1972, the auditing judge scheduled a further hearing on the exceptions. The ancillary administratrix appeared and testified in support of them. She was the only witness at the hearing, which was held October 6, 1972.

Exceptant is in the anomalous position of a fiduciary objecting to the confirmation of her own account, which she filed only after being cited to do so by her brother and sister, who share in the estate with her as intestate heirs. Her exceptions amount to a request on her part to be allowed credit for expenditures which she made but did not include in her account. As augmented by a list of additional expenditures submitted at the hearing on October 6, 1972, they total $13,636.91, including debts and doctor's bills of decedent in South Carolina and elsewhere, funeral expenses in that State and in New Jersey, expenses of managing real estate in Pennsylvania, compensation to herself as administratrix, expenses allegedly made before decedent's death but at decedent's direction, travel between Pittsburgh and Orangeburg, payments allegedly made for the benefit of Isabel A. Parker, and advance distribution to her and to Charles J. Stelter.

Following the hearing of October 6, 1972, counsel for the petitioning brother and sister and counsel for the ancillary administratrix conferred several times and once with the court with a view to an amicable resolution of the estate. Those efforts were unsuccessful. It is necessary, therefore, to enter a dispositive decree.

From the testimony and evidence advanced at the hearing of October 6, 1972, and from the record of the estate on file with the Register of Wills and Clerk of Orphans' Court the following appear to be the facts, which the court here finds:

1. Decedent died October 25, 1968, intestate, a resident of Orangeburg, S. C., survived by three children, Mildred E. Mutch, Isabel A. Parker and Charles J. Stelter.

2. Mildred E. Mutch qualified as administratrix of decedent's domiciliary estate in Orangeburg, S. C., on November 22, 1968. She took possession of securities and other personal property in that jurisdiction totalling more than $9,400. She has not accounted for the administration of the South Carolina estate.

3. The Probate Judge of Orangeburg County has informed this court, through counsel for exceptant, that the Probate Court in Orangeburg does not assert any jurisdiction over the proceeds of the real estate which is the subject of the ancillary administration in this court.

4. The administratrix collected rents from decedent's Pittsburgh real estate, a rooming house on Darragh Street in the Fourth Ward, City of Pittsburgh, from the date of death of decedent until the sale of the property on September 4, 1969, following her appointment as ancillary administratrix by the Register of Wills of Allegheny County, on August 22, 1969. The amount of rents so collected was $1,241.80 according to her testimony. She will be charged with them in the schedule for distribution.

5. The proceeds of the sale of the real estate, which were shown in exceptant's account, in the sum of $23,000, as well as the rents referred to in paragraph 4 hereinabove, were deposited by the administratrix in a bank account which she maintained in Orangeburg,

S. C., for all assets of the estate, whether derived from the Pennsylvania estate or from the South Carolina estate or from another property of decedent's in New Jersey, which she also administered.

6. Exceptant made payments from the estate account to discharge obligations of decedent and administrative and other expenses of the Pennsylvania real estate, before, as well as after, her appointment as ancillary administratrix in this jurisdiction. She also made payments to Isabel A. Parker and Charles J. Stelter from the estate account before her appointment here, and to Isabel A. Parker after that appointment.

7. Exceptant made no separation of receipts or disbursements between the Pennsylvania, South Carolina and New Jersey estates.

8. Exceptant's expenditures listed in the exceptions and list of additional expenditures identified by date, payee and amount shown hereinafter, appear to have been incurred in the administration of the ancillary estate in this jurisdiction:

*From Exceptions*

| | | |
|---|---|---:|
| 1/ 3/69 | Bell Telephone Co., phone bill for Darragh Street property | $ 54.16 |
| 1/ 3/69 | Peoples Natural Gas Co. for Darragh Street property | 113.83 |
| 3/ 6/69 | Weiss Insurance Agency, to pay insurance bill, for Darragh Street property | 60.00 |
| 3/20/69 | Edward F. Cooke, Allegheny County Treasurer, for license for rooming house | 5.00 |
| 3/21/69 | Duquesne Light Co., for Darragh Street property | 52.19 |

| | | |
|---|---|---|
| 3/21/69 | Peoples Natural Gas Co., gas bill, Darragh Street property | 95.45 |
| 3/27/69 | Bell Telephone Co. of Pa., Darragh Street property phone bill | 78.13 |
| 5/ 1/69 | Allegheny County Sanitary Authority, sewage bill, Darragh Street property | 10.50 |
| 5/ 2/69 | Duquesne Light Co., electric bill, Darragh Street property | 63.57 |
| 5/ 2/69 | City Treasurer, water bill for Darragh Street property | 23.94 |
| 5/15/69 | Janet Butler, for household care, Darragh Street property | 70.00 |
| 5/20/69 | Peoples Natural Gas Co., Darragh Street property | 106.21 |
| 5/20/69 | Duquesne Light Co., Darragh Street property | 83.37 |
| 5/28/69 | Allegheny County Sanitary Authority, Darragh Street property | 11.40 |
| 7/ 5/69 | David A. Smith, Treasurer, to pay bill of Allegheny County Sanitary Authority | 10.01 |
| 7/ 5/69 | David A. Smith, Treasurer, water bill, Darragh Street property | 19.36 |
| 8/15/69 | Travel, Inc., ticket to Pittsburgh | 73.50 |
| 8/21/69 | Peoples Natural Gas Co., Pittsburgh, Pa. | 42.52 |
| 8/22/69 | David A. Smith, Treasurer, City of Pittsburgh, final bill through August, 1969 | 39.70 |
| 9/ 3/69 | Eastern Airlines, Pittsburgh closing | 73.50 |
| 9/ 5/69 | Avenue Furniture Exchange, Inc., Pittsburgh, furniture bill | 187.62 |

*From List of Additional Expenditures*

| | | |
|---|---|---:|
| 2/ 7/69 | Linda Louise Wahrlich, household care on Darragh Street property | 140.80 |
| 2/ 7/69 | Western Union, Peoples Natural Gas Co., Pittsburgh, telegraphic money order | 155.58 |
| 3/17/69 | Duquesne Light Co., Darragh Street property | 52.19 |
| 3/27/69 | Schenley Savings Fund and Loan Association, mortgage payments of November and December, 1968 and January, February and March, 1969 | 455.00 |
| 5/ 2/69 | The Peoples Natural Gas Co., Darragh Street property, Pittsburgh | 3.00 |
| 7/23/69 | Allegheny County Treasurer, Pittsburgh taxes for Darragh Street property | 146.40 |
| | Total | $2,226.93 |

9. Exceptant made advancements to her sister, Isabel A. Parker, after her qualification as ancillary administratrix, as follows:

| | | |
|---|---|---:|
| 9/16/69 | Isabel A. Parker, advance on inheritance | 1,000.00 |
| 11/14/69 | Isabel Parker, payment on sister's inheritance | 100.00 |
| 2/16/70 | Isabel Parker, sister, advance to pay for well and pump | 600.00 |
| | Total ......... | $1,700.00 |

10. Counsel for exceptant has informed the court that he has received the following additional assets since the filing of the account and the audit, with which the exceptant as ancillary administratrix should be charged:

| | |
|---|---|
| Eureka Federal Savings & Loan Association — refund from amount held to pay taxes | $ 18.16 |
| Robert J. Weiss Insurance Agency—Refund of premium | 12.50 |
| Total . . . . . . . . | $ 30.66 |

11. Exceptant testified that she had expended all of the funds of the estate from whatever source. She advanced as reasons for failure to account until cited to do so, a combination of ill health and hospitalization before and after the death of her mother (the decedent), the failure of one of her sons to keep her mail where she could find it, and the exigencies of her businesses of running a bakery and a motel in Orangeburg, S. C., which she actively conducted herself. She assumed the obligations of ancillary administratrix after she was hospitalized in July 1969, and never undertook to resign.

12. No payments have been made by exceptant to any of the persons who were awarded claims in that portion of the decree of distribution of March 17, 1972, which was not opened by the decree of the court en banc of July 24, 1972. In view of exceptant's declaration that she has spent all the money in the estate account which she maintained, it is to be anticipated that the distributees under the schedule of distribution to be entered herewith will not be paid by her.

13. Exceptant's surety, United States Fidelity and Guaranty Company, posted security in the amount of $1,000 on the initial grant of letters on August 22, 1969, and in the additional sum of $23,000 on September 4, 1969. Its claims representative was informed of these proceedings and was present at the hearing held October 6, 1972.

14. Counsel for exceptant was paid fees totalling $1,550, as shown in the account. In addition, for services rendered since the audit of the account, he has submitted bills for $880 for services to and including the argument on the exceptions on June 5, 1972, and $407.75 for services and expenses to and including October 6, 1972, for a total of $1,287.75. These are reasonable and proper charges for the services rendered, and are chargeable against the share of the exceptant in the estate because they were made necessary by her failure to perform the duties of her appointment.

15. Counsel for Isabel A. Parker and Charles J. Stelter was allowed the sum of $872 for services and expenses rendered to the date of the decree of March 17, 1972, charged against the exceptant's share of the estate. Since that date he has performed additional services and incurred expenses, for which he has submitted claims of $725 for services to June 5, 1972, and $813.35 for services and costs to December 28, 1972. The total of the charges by Kuhn, Engle and Blair, amounting to $2,410.35, is reasonable and proper and is chargeable against the share of the exceptant.

16. The preparation and filing of all papers submitted by exceptant was performed by counsel for the estate, and not by exceptant. She failed to respond to correspondence and to the process of this court, until she appeared at the chambers of the auditing judge on March 27, 1972, the last day to file exceptions to the decree entered on the account prepared by her attor-

ney. It was only after she appeared in support of those exceptions that she produced any records of receipts and disbursements of her administration.

## DISCUSSION

The exceptant's own failure to perform the duties of her appointment has occasioned the extraordinary difficulties in settling what would otherwise have been a routine ancillary administration. Her ill health, the undependability of a son in respect to her mail, and the press of her personal business, may explain but can not excuse her failure. Her testimony concerning poor health and hospitalizations related to several periods in 1966, 1968 and 1969, before she assumed the duties of administration. She could have declined to act and secured the appointment of a corporate fiduciary. Her acceptance of the appointment and her oath as ancillary administratrix were voluntarily assumed. She might have resigned, but did not.

The treatment of her responsibilities by this ancillary administratrix can only be characterized as grossly negligent. She commingled the Pennsylvania funds with those in South Carolina, and failed to acccount in either State. She signed the account which her attorney prepared but testified that she did not examine it or understand it. She failed to appear at its audit, although there were claims against the estate, beside those of her sister and brother. She then appeared, unannounced, on the last day to file exceptions, and proceeded to do so. In such circumstances, it is appropriate to surcharge the costs of audit against the fiduciary: 2 Hunter O. C. Executors and Administrators §22(o); Istocin's Estate, 126 Pa. Superior Ct. 158 (1937); Grollman's Estate (No. 2), 273 Pa. 565 (1922). The decree of March 31, 1971, directing the filing of an account properly included a provision imposing "Costs

of the Petition and Citation and enforcement thereof, including fees of Petitioner's attorneys to be approved by this Court . . . [upon] Respondent." The fees and expenses which are the subject of paragraphs 14 and 15, hereinabove, are accordingly approved and charged against Mildred E. Mutch, ancillary administratrix.

The claim which she asserted for compensation as ancillary administratrix must be rejected on the same grounds which justify the surcharge for the expenses of this proceeding. Compensation is within the control of the court under section 3537 of the Probate, Estates and Fiduciaries Code of June 30, 1972, no. 164, 20 PS §3537, and can and should be disallowed for supine negligence (Kline's Estate, 280 Pa. 41 (1924)); faithlessness and mismanagement (Weinstein v. Union Trust Co. of Pittsburgh, 313 Pa. 280 (1933)), and repeated failures to perform fiduciary duties: Commonwealth Trust Co. Case, 331 Pa. 569 (1938).

At the audit of the account the auditing judge requested counsel for the petitioning brother and sister to submit authorities to the court with respect to the power of the court to decree distribution directly to the claimants and distributees who have asserted their rights in the ancillary administration. This was done because the usual practice is for the court in the ancillary proceeding to decree the distribution of the assets to the personal representative in the domiciliary jurisdiction, where distribution is then usually made.

We are satisfied that this court has authority to direct distribution by the ancillary administratrix, and on her default by her surety, to the persons entitled: Dent's Appeal—Adlum's Estate, 22 Pa. 514 (1854) (intestacy); Parker's Appeal, 61 Pa. 478 (1869) (testacy); Welles's Estate, 161 Pa. 218 (1894) (intes-

tacy); Bertin's Estate, 245 Pa. 256 (1914) (intestacy); Middleby's Estate, 249 Pa. 203 (1915) (testacy).

Moreover, the ancillary administratrix has already received the proceeds of the sale of the Pennsylvania real estate and has failed to file an accounting in South Carolina, the domiciliary estate, as to either the South Carolina or the Pennsylvania assets. South Carolina creditors and claimants can have recourse to the domiciliary estate. None has filed a claim at audit of the exceptant's account, which was advertised according to law. The procedures and protections afforded in ancillary proceedings are the same as for domiciliary estates. Our concern need not extend beyond those claims which have been asserted in this proceeding. Creditors in South Carolina and New Jersey, if such exist, who have not asserted claims in this proceeding, are as effectively barred as are Pennsylvania creditors who have not filed claims. Plogstert Estate, 350 Pa. 474 (1944), which arose in this court, contains a good discussion of the practical considerations of distribution of assets in an intestacy where claims of creditors have been paid or provided for. Those considerations apply here.

Based on the foregoing findings of fact and discussion, the court makes the following

## CONCLUSIONS OF LAW

1. Mildred E. Mutch's exceptions are sustained in part, and she is allowed credit in the amount of $2,226.93 for the items enumerated in paragraph 8 as expenses related to the administration of the Pennsylvania estate, which items were not included in her account.

2. Mildred E. Mutch is further allowed credit for a total of $1,700 paid to Isabel A. Parker as advance-

ment on her distributive share of the estate, to be charged to the share of Isabel A. Parker.

3. Mildred E. Mutch is charged with receipt of rents totalling $1,241.80 from real estate at 248 Darragh Street, Fourth Ward, Pittsburgh, Pa., not included in her account.

4. Mildred E. Mutch is charged with receipt of the sum of $30.66 for items listed in finding of fact no. 10., not shown in the account.

5. Counsel fees to Zelig Breakstone, Esq., counsel for exceptant, in the sum of $1,287.75 are allowed, to be charged against the distributive share of Mildred E. Mutch; and to Kuhn, Engle and Blair, attorneys for Isabel A. Parker and Charles J. Stelter, in the sum of $2,410.35 are allowed, to be charged against the distributive share of Mildred E. Mutch.

6. On failure of Mildred E. Mutch to make distribution as shown in the restated schedule of distribution hereinafter set forth, United States Fidelity and Guaranty Company, surety, shall make payment.

7. The decree in the above matter is entered herewith

DECREE

And now, to wit, March 29, 1973, the account in this case having been filed and confirmed nisi and having been examined and audited by the court, upon consideration thereof it is decreed that the account be confirmed absolutely, and that the funds for which accountant has accounted, as adjusted on the basis of the findings of fact and conclusions of law entered in the adjudication filed this date, to wit $16,569.80, be paid in accordance with the schedule of distribution hereto attached and made part hereof.

### SCHEDULE OF DISTRIBUTION

| | | |
|---|---|---|
| BALANCE PER ACCOUNT | | $14,177.34 |
| Less: | | |
| Disbursements per Petition for Distribution | $ 130.00 | |
| Deletion of Amount shown as advanced by Mildred E. Mutch | 250.00 | 380.00 |
| BALANCE FOR DISTRIBUTION | | $13,797.34 |
| Add thereto: Escrow account for Inheritance Tax | | 1,500.00 |
| Add thereto: Net rents collected by Ancillary Administratrix | $1,241.80 | |
| Refunds from insurance premium and tax escrow | 30.66 | 1,272.46 |
| BALANCE FOR DISTRIBUTION | | $16,569.80 |

| | | | |
|---|---|---|---|
| To: *Mildred E. Mutch*— Reimbursement of amount advanced to estate | $ 100.00 | | |
| Expenses of managing Darragh Street Property | 2,226.93 | $ 2,326.93 | |
| To: *Robert J. Monheim,* Claim | | 475.00 | |
| To: *United States Fidelity & Guaranty Company,* Claim | | 260.00 | |
| To: *Commonwealth of Pennsylvania,* Transfer Inheritance Tax with interest on $1,018.64 to April 1, 1973 | | 1,213.21 | 4,275.14 |
| BALANCE FOR DISTRIBUTION TO HEIRS | | | $12,294.66 |
| To: Mildred E. Mutch, daughter and heir, 1/3 balance thereof, viz. | | | |
| To: Charles J. Stelter, Claim | $ 266.71 | | |

| | | |
|---|---|---|
| To: Kuhn, Engle and Blair, Esqs., Attorneys' fees and expenses | 2,410.35 | |
| To: Zelig Breakstone, Esq., Attorney's fees and expenses | 1,287.75 | |
| Cash balance to Mildred E. Mutch | 133.41 | 4,098.22 |
| To: Isabel A. Parker, daughter and heir, 1/3 balance as follows: | | |
| Advancements | $1,700.00 | |
| Balance, Cash . | 2,398.22 | 4,098.22 |
| To: Charles J. Stelter, son and heir, 1/3 balance, cash. | | 4,098.22 |
| | | $12,294.66 |