## Estate of Elsie R. Wilhide, Deceased.

106

Argued March 12, 1930.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM, BALDRIGE and GRAFF, JJ.

*W. W. Van Baman,* for appellant.

*Wm. B. Gemmill,* for appellee.

OPINION BY KELLER, J., April 18, 1930:

The appellant, mother of decedent, presented a claim against the latter's estate for $2,000, alleged to have been lent the daughter about two and a half years before her death. To prove the receipt of the money by her daughter she called as witnesses at the audit the son and daughter of the decedent, both of whom testified that appellant had *given* the money to their mother, as a gift, towards the purchase of a home. No note or

obligation was given by the decedent to appellant. No interest was paid or demanded, nor is there any evidence of any claim on the part of appellant that the transaction was a loan and not a gift prior to decedent's death: Kaufmann's Est., 293 Pa. 73, 76; Hirst's Est., 274 Pa. 286, 288. It was not disputed that appellant had previously made a *gift* of a considerable part of her estate to her children; or that she had lived with decedent in the latter's home for approximately thirteen years.

The auditor found, after giving consideration to all the evidence, that the transaction was a gift and not a loan. There was evidence to support the finding. The court below approved the finding, holding the evidence to be clear and convincing, and sufficient to show that the transaction was open, voluntary and fully understood by appellant, whether or not the decedent held a confidential relation to her. Under such circumstances an appellate court, in the absence of clear error, which is not here apparent, must give the finding, so approved by the court, the effect of the verdict of a jury: Gross' Est., 284 Pa. 73, 78.

The assignments of error are overruled and the decree is affirmed, at the costs of the appellant.