## Wolfe et al., Appellants, *v.* Lewisburg Trust & Safe Deposit Co.

Argued October 7, 1931.   Before FRAZER, C. J., WALL-
ING, SIMPSON, KEPHART, SCHAFFER, MAXEY and DREW,
JJ.

*R. G. Bostwick,* of *Thorp, Bostwick, Stewart & Reed,*
with him *Andrew A. Leiser* and *Andrew A. Leiser, Jr.,*
for appellant.—No authority need be cited for the prop-
osition that Wesley W. Wolfe, as administrator, had no
right to deal with the North Dakota real estate. He, as
an individual, obtained such right by the agreement of
the parties to have him act as their attorney in fact:
Kreise v. Cartledge, 262 Pa. 55; Robinson v. Hodgson,
73 Pa. 202; Dixon v. Owens, 21 Pa. Superior Ct. 376;
Bank v. King, 57 Pa. 202; Hindmarch v. Hoffman, 127
Pa. 284, 288; Humbird v. Davis, 210 Pa. 311, 320;
Greenwich Bank v. Commercial Bank Corp., 85 Pa. Su-
perior Ct. 159, 163.

There is of course no necessity for the appointment of
an administrator de bonis non because it is essential to
such appointment that there should be unadministered
assets: Kirk v. Van Horn, 265 Pa. 549; Garman's Est.,
211 Pa. 264; Aycinena v. Peries, 6 W. & S. 243.

The general principle that jurisdiction cannot be con-
ferred on the orphans' court by consent is well settled:
Hazard's Est., 253 Pa. 447.

*James F. McClure,* with him *George B. Reimensnyder,*
for appellee.—The administrator of the estate held these

funds under his control as administrator and as assets of the estate and identified them as such by depositing them in his name as administrator of the estate and by marking the envelope containing the bonds as the property of the estate. By such recognition of the funds as assets of the estate he assumed responsibility for them in his capacity as administrator and thereby charged himself as administrator of the estate with such assets: First Nat. Bank v. Mason, 95 Pa. 113; Erie v. Lambert, 297 Pa. 406; Fague's Est., 19 Pa. Superior Ct. 638.

An administrator de bonis non is the proper person to receive the funds in question: Wagner's Est., 227 Pa. 460.

The court below, stating that no administrator de bonis non is necessary, relies upon Garman's Est., 211 Pa. 264. As appears in the opinion by Mr. Justice MESTREZAT, supra, the rule laid down in Garman's Estate is that an administrator de bonis non is not necessary where distribution is the only thing to be done.

The bank was bound to pay only in accordance with the terms of the deposit: Milano v. T. & T. Co., 96 Pa. Superior Ct. 310, 314.

By allowing these deposits to be made during a period of twenty years in the name of Wesley W. Wolfe as administrator of the estate of Charles S. Wolfe appellants acquiesced in his earmarking the funds as assets of the estate or they were negligent: Pa. T. & T. Co. v. Meyer, 201 Pa. 299.

OPINION BY MR. JUSTICE KEPHART, November 23, 1931:

Charles S. Wolfe died intestate August 13, 1891, a resident of Union County, Pennsylvania. He was possessed of real and personal property located in Pennsylvania, and also real property located in North Dakota. Letters of administration were granted to Wesley W. Wolfe, his son, who filed two partial accounts, both of which were confirmed by the Orphans' Court of Union County. No final account was filed by the administrator.

Appellants, as heirs of Charles S. Wolfe, on May 28, 1906, by written agreement, appointed Wesley W. Wolfe their agent and attorney in fact to manage and sell their lands in North Dakota. The agreement in writing is as follows: "We do hereby authorize and direct the said Wesley W. Wolfe to account for the moneys received or realized by him from the sale or rental or other income of or from said land [North Dakota], or any of them in the Orphans' Court of the County of Union in the State of Pennsylvania, as the administrator of the estate of the said Charles S. Wolfe, deceased, in the same way and with the same force and effect as if said moneys had been realized therefrom by a sale of the same for the payment of the debts of the said Charles S. Wolfe, deceased, and to appropriate the same to such debts or otherwise as may be ordered and decreed by said court and under the order and direction of said court."

Wesley W. Wolfe did receive rents and moneys from the sale of crops and real estate, and deposited this money in the Lewisburg Trust & Safe Deposit Company of Lewisburg, opening an account in the name of "Wesley W. Wolfe, Admr. C. S. Wolfe, Decd." With part of the money he purchased bonds, placing them in a safe deposit box in appellee trust company rented in the name of Charles S. Wolfe, Wesley W. Wolfe, Administrator. While the bonds and cash were thus identified as the property of the estate of Charles S. Wolfe, Wesley W. Wolfe died in 1926 testate. His executor has not been discharged.

Appellants demanded from the trust company the bonds and cash, and, on being refused, this action was instituted by appellants against the trust company as for a conversion. The lower court held that the proceeds of the entire estate fell under the jurisdiction of the Orphans' Court of Union County, and refused appellants motion for judgment for want of a sufficient affidavit of defense. Appellants here contend that the orphans' court had no jurisdiction of the subject-matter of the

controversy, and that such jurisdiction could not be acquired by consent.

It is a well settled principle of law that parties to a suit cannot by consent confer jurisdiction with respect to the subject-matter of litigation, either by stipulation or agreement; as jurisdiction is fixed by law, it is beyond the control of the parties: Blumenthal's Est., 227 Pa. 268; Hazard's Est., 253 Pa. 447. But see Capuzzi's Est., 298 Pa. 71, 75, which holds that in certain instances where a partnership account is brought into the orphans' court the voluntary act of the executor in so bringing it in will enable the court to take jurisdiction over such an account. In that case, the amount of the decedent's partnership interest was contested and the orphans' court restated the partnership account, investigating its assets, and fixed a sum in excess of that claimed by the executor as liquidating partner. This court sustained that action.

An administrator has no authority over real estate except as the lands are assets for the payment of debts. In case of intestacy they descend directly to the heirs, and, if needed for the payment of debts, there is a mode pointed out by act of assembly which the administrator must pursue to acquire control over them. See Morrison's Est., 196 Pa. 80; Herron v. Stevenson, 259 Pa. 354, 356. When an administrator assumes to act in his representative capacity in the management or control of real estate, he is merely the agent of the heirs, who alone can call on him to account: Appeals of Fross and Loomis, 105 Pa. 258, 269; Morrison's Est., supra; Huff's Est., 300 Pa. 64. This rule was not applied in Hoffman's Est., 185 Pa. 315, on the ground of estoppel. Generally in the absence of an order or decree of the court, an administrator has nothing to do with the realty: Kelley's Est., 297 Pa. 17, 21; Huff's Est., supra. Possibly one of the earliest cases on the subject is M'Coy v. Scott, 2 Rawle 221.

Under section 1 of the Act of April 13, 1854, P. L. 368, reënacted by the Act of June 7, 1917, P. L. 388, section 1,

where legal representatives sell the land of a decedent necessary for the payment of debts without an order of court, the orphans' court may subsequently ratify such sale: Donnelly v. Byers, 234 Pa. 339, 343. It was held that this section of the Act of 1854 was of general application, and its authority might be invoked whenever the court could have previously authorized the sale or conveyance of real estate, and if the land that was sold had been in Pennsylvania no doubt we could find an easy way to solve the question.

This land is situate in North Dakota, and it is a principle of private, international law, fortified by a great mass of authority, that all questions relating to the transfer of title to land wherever arising will be governed by the laws of the place where the land is situated: Donaldson v. Phillips, 18 Pa. 170; Lawrence's Est., 136 Pa. 354; Bingham's App., 64 Pa. 345. The appointment of an administrator in Pennsylvania would give him no authority over lands in North Dakota, or anywhere outside the State. The agency agreement above mentioned would be sufficient to enable him to dispose of the title of the heirs there named, but such disposition would not be conclusive of that question nor of any effect against creditors. Death or inheritance taxes might exist which would force an administration there. Pennsylvania law would require, were the situation reversed and the land located here, an ancillary administrator to be appointed except in matters specially provided for by statute: Mansfield v. McFarland, 202 Pa. 175.

However, the record shows and it must be conceded for the purposes of this case, as the court below states, that at the time the agreement above noted was made there were claims of domiciliary creditors against the estate of Charles S. Wolfe, and it was necessary to sell North Dakota real estate for their payment. Wesley W. Wolfe, as administrator of the estate of Charles S. Wolfe, received a sum of money from the sale of these lands. We will presume that he took the necessary legal steps required in that state and that the money was law-

fully in his possession, unembarrassed by the claims of creditors from the State of North Dakota. The question arises whether under the record before us the orphans' court has jurisdiction over this sum. Would the converse of the rule, as settled in this State as to foreign domicile and lands here, not apply to the funds in our jurisdiction received from the sale of lands in other states? Where land is located in Pennsylvania and the domicile of decedent is in another state and an ancillary administrator is appointed here, the land would then be sold by such administrator for the payment of local or foreign debts. After the payment of our domestic creditors the surplus would be remitted to the legal representatives in the domiciliary jurisdiction for the payment of its creditors: Middleby's Est., 249 Pa. 203, 207. The general rule is announced in Barry's App., 88 Pa. 131. See McLaughlin v. Solomon, 180 Pa. 177, 179. Under given conditions it may be a matter within the discretion of the court as to whether it will order the fund distributed among the parties entitled to it, or order it remitted to the forum of the domicile for that purpose: Dent's App., 22 Pa. 514. Thus in Well's Est., 161 Pa. 218, we held that where it appears there were no domiciliary creditors to participate in the surplus, and where parties interested asked for distribution to be made here, to avoid delay and expense in remitting the fund to the forum of the domicile, this would be done.

Here we have a fund from the sale of land in another state in the hands of domiciliary administrator applicable to the payment of domestic creditors. Even if we did not assume from this record that there was a judicial sale of lands in North Dakota for the payment of debts, and the fund remitted to Pennsylvania to pay domiciliary creditors of a decedent's estate, the fund was raised from the sale of land under the agency agreement and it recognized the existence of Pennsylvania creditors against the estate. But if it did not, these domestic creditors are not to be deprived of the right to assert their claims against a fund belonging to the estate in

the possession of the administrator, simply because the administrator or agent proceeded in an irregular way in another state to raise that fund by the sale of land. The administrator certainly would not be permitted to give it forthwith to the heirs without further adjudication. To hold that such thing could be done would be to create a simple device to defraud creditors.

However, under the authorities noted, as the judge of an orphans' court possesses equity powers, equitable principles will prevail, and we will regard that as being done which should have been done. When land of an estate is sold in another state and the surplus is remitted to the executor or administrator in this State, such fund is liable to the claims of domiciliary creditors, and the balance will be distributed according to law in the state where the land is located: Well's Est., supra. In this State the surplus from a sale of land for the payment of debts, after debts are paid, is distributable as the real estate would have descended or has been disposed of by will: Dyer v. Cornell, 4 Pa. 359; Pennel's App., 20 Pa. 515; Buck's Est., 256 Pa. 359; Hubert's Est., 181 Pa. 551; Large's App., 54 Pa. 385; Wentz's App., 126 Pa. 541, 551.

But, it is urged there are now no debts, and, if there were, as this fund would be distributed as real estate, debts at this date could not attach: Kirk v. Van Horn, 265 Pa. 549, 556; hence there was no necessity for further administration. This conclusion ignores what took place when the land was converted. It may be the administrator, without court authority, has paid these debts, but the fact remains debts existed when the fund was raised, and that would fix the jurisdiction of the orphans' court. Appellees argue that the claim of the administrator Wesley W. Wolfe for his administration of so much of that estate is a live unsettled claim and it is not known if the parties who signed the agreement are all the heirs. However this may be, these funds having been earmarked in the bank's custody as the prop-

erty of the estate, it is asking too much of that custodian to assume the liability incident to paying them out without an adjudication of the estate through the proper statutory channel where all possible interests may appear and be heard.

Appellant relies on Parsons v. Miller, 189 Illinois 107, where the heirs had agreed that the proceeds of real estate sold in West Virginia by a trust should be distributed by the law of Illinois, but it is not in point. If these were all the facts in this case, of course that decision would be persuasive, but they are not. The facts here bring the instant case under the decisions we have cited. We do not attempt to distribute the surplus from the sale of the real estate in North Dakota according to the laws of Pennsylvania; we recognize the rule that a surplus arising from the sale of lands in another state after paying domiciliary creditors must be distributed in accordance with the law of that state. No doubt in case of intestacy, the heirs, here appellants, are the proper parties to receive the funds. See Well's Est., supra.

The court below in its adjudication finds that, after a lapse of 35 years, there could be no claims against the estate, and we held in Trestrail, Admr., v. Johnson, Sheriff, 298 Pa. 388, 392, that an administrator d. b. n. could not take from the administrator of an estate moneys collected by him or standing to his credit as administrator, for this would interfere with the statement of the account and deprive the estate of the means of reimbursement for payments made and for services rendered. We do not outline the procedure but at present we do not see how the appointment of an administrator d. b. n. of Charles S. Wolfe's Estate can be avoided. However, defendant cannot be charged with conversion of the funds and bonds of the estate, and the court below was correct in refusing appellants' motion for judgment for want of a sufficient affidavit of defense.

Decree affirmed at cost of appellants.