## Celenza's Estate

Before Gest, Henderson, Van Dusen, Stearne and Sinkler, JJ., and Marx, P. J., twenty-third judicial district.

358

*E. Spencer Miller,* for exceptant.

*Abraham Friedman* and *Brown & Williams,* contra.

STEARNE, J., April 21, 1933.—The Supreme Court (308 Pa. 186) set at rest all controverted questions in this litigation, with the exception of one question of surcharge. The auditing judge surcharged accountant in the sum of $10,-679.22, which constituted the estimated value of certain personal property alleged to have been in the possession of the accountant and for which she was alleged to have failed to account. The Supreme Court decided "a fuller opportunity should have been accorded . . . [the accountant] to test the correctness of the testimony of the witness who made up the list and the knowledge and competency of the one called to establish the value of the property." Accordingly, the record was remanded to "hear further testimony, if such be offered, showing what personal property in the junk establishment belonged to the decedent at the time of his death and came into or should have come into the possession of the accountant, and the value of it." In compliance with this direction a hearing was had by an auditing judge. After extended testimony the

auditing judge found what property came, or should have come, into the hands of the accountant, and found the value thereof to be $1000, in which amount he surcharged the accountant. The accountant has withdrawn her exceptions to such surcharge.

Exceptant complains that the amount of the surcharge is inadequate and should have been greater. A finding of fact by an auditing judge will not be reversed except for clear error: Wilhide's Estate, 99 Pa. Superior Ct. 105; Gross's Estate, 284 Pa. 73.

We have carefully considered the testimony and are of opinion that there is ample testimony to support the findings of fact by the auditing judge.

All of the exceptions are dismissed and the supplementary adjudication, for the reasons therein given, is confirmed absolutely.