## Niemeyer's Estate

Before Lamorelle, P. J., and Gest, Henderson, Van Dusen, Stearne, and Sinkler, JJ., and Marx, P. J., twenty-third judicial district.

*Earl W. Thompson, Harvey McCourt, O. Roger Melling* and *James R. Wilson,* for exceptant.

*William M. Boenning,* contra.

STEARNE, J., April 20, 1934.—Where there is a possibility of resident creditors, or where there are resident distributees, it has always been the practice of this court to require the ancillary fiduciary to file an account of the Pennsylvania assets and administration, in order to protect the rights of domestic creditors and distributees. Such resident interested parties ought not to be required to go into a foreign jurisdiction to present their claims or seek distribution where there are assets in this jurisdiction. See Lamorelle, P. J., in ·Dreer's Estate, no. 3067 of 1933 (not reported), Welles' Estate, 161 Pa. 218, and Bertin's Estate, 245 Pa. 256.

Section 57(b) of the Fiduciaries Act of 1917, following section 2 of the Act of March 17, 1838, P. L. 80, 20 PS § 992, provides:

Niemeyer's Estate

"When the trustee or trustees of any estate shall reside out of this Commonwealth, and any part of the trust estate, property, or fund is situated within this State, the proper orphans' court may, on the petition of any of the parties interested in said trust property, appoint one or more trustees, resident within this Commonwealth, to act in conjunction with said nonresident trustee or trustees in the management and disposition of said trust; and the said court shall have the same power over said trustee or trustees, so appointed, that it has in other cases of trust."

Decedent was the trustee of the estate of her deceased sister, a resident of New Jersey. She brought into Pennsylvania certain of the assets of the trust estate, which were found in her possession at her death. The substituted trustee of the sister's estate, a New Jersey trust company, demanded possession of these assets, in order to account and make distribution in the State of New Jersey. The auditing judge contemplated that the decedent, as trustee, may have subjected the estate to indebtedness, that the estate may be liable for certain taxes to the Commonwealth, and that some of the parties in interest in the trust estate are Pennsylvania residents. He therefore declined to award to the foreign substituted trustee as requested, but insisted that an ancillary trustee be appointed, under section 57(b) of the Fiduciaries Act of 1917, to receive such assets. We are of opinion that the auditing judge, under the authorities above cited, was clearly correct in such procedure.

Exceptions were also filed concerning the findings of fact of the auditing judge as to what assets constituted a part of the trust estate. We have reviewed the evidence and are unanimously of opinion that the findings of fact are amply supported by the testimony. A finding of fact by an auditing judge will not be reversed except for clear error: Wilhide's Estate, 99 Pa. Superior Ct. 105; Gross' Estate, 284 Pa. 73.

Exception no. 7 of Freehold Trust Company, substituted trustee, et al., was withdrawn. All other exceptions are dismissed, and the adjudication is confirmed absolutely.