ESTATE OF MORTIMER B. FULLER, DECEASED, KATHRYN S. FULLER, EDWARD L. FULLER, MORTIMER B. FULLER, JR., AND HENRY S. FULLER, EXECUTORS, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 12792. Promulgated December 4, 1947.

*Warren W. Grimes, Esq.*, for the petitioners.
*Robert H. Kinderman, Esq.*, for the respondent.

OPINION.

MURDOCK, *Judge*: The parties agree in their briefs that no deduction is allowable under section 162 upon the theory that any part of the amounts in question were distributed, paid, or credited to any beneficiary. *Henry Bradley Plant*, 30 B. T. A. 133; affd., 76 Fed. (2d) 8. The petitioners, on the returns, claimed deductions of $23,013.25 and $20,647.55 as losses from the operation of the farm for

1942 and 1943. The Commissioner disallowed those losses. The petitioners, in an amended petition, claim larger deductions which include, in addition to the expenses of operating the farm, expenses incident to the upkeep and use of Overlook. They contend not only that the expenses and losses of the farm are deductible as business expenses or losses, but also that the total expenditures for each year were deductible under section 23 (a) (2) as ordinary and necessary expenses of the executors paid for the management, conservation, and maintenance of property held for the production of income.

The respondent first points out that the executors were not holding Overlook for the production of income; indeed, were not holding it at all, since, as real estate not needed for the payment of debts of the decedent, it did not come into the hands or the jurisdiction of the executors under the laws of Pennsylvania, but was held by the widow of the decedent, who was given a life estate in it, and the remainder was either in the sons or the trustees and not in the executors. The petitioners state in their brief that "the remainder was devised to the trustees." The Commissioner concludes that any expenditures made by the executors in connection with the property could not be ordinary and necessary expenses of the executors paid in managing, conserving, or maintaining any property which they held as executors for the production of income. He argues further that, regardless of who held Overlook, nevertheless, it was not held for the production of income, but was held rather as a country residence to provide the four individuals with comfortable homes, and none of the expenditures in question is deductible under section 23 (a) (1) or (2). He calls attention to section 24 (a) (1) which provides that personal, living, or family expenses are not deductible.

The decedent gave the executors no duty to manage, conserve, or maintain Overlook and they acquired no jurisdiction over it up to and including 1943 under the laws of Pennsylvania. The decedent gave his widow a life estate in Overlook. That did not depend upon any act of the executors. They had no right to interfere with her use of the property where, as here, the personal property was ample for the payment of all debts of the decedent. They say they had to maintain and conserve it for possible use in paying debts of the decedent, but the record shows that the value of the personal property was, at all times material hereto, substantially in excess of the debts. If they managed Overlook they did so as agents for the widow and not in their official capacity as executors of the decedent. *Wolfe* v. *Lewisburg Trust & Safe Deposit Co.*, 305 Pa. 583; 158 Atl. 567; *In re Morrison's Estate*, 196 Pa. 80; 46 Atl. 257. The expenses were not ordinary or necessary expenses of the estate under section 23 (a) (2).

A taxpayer who operates a farm primarily for his own recreation or pleasure rather than on a commercial basis for the purpose of making

a profit is not entitled to deduct annual farm losses as ordinary and necessary expenses of a business or as losses incurred in a business. Regulations 111, art. 29.23 (e) (5). *Reginald C. Vanderbilt*, 5 B. T. A. 1055; affd., 23 Fed. (2d) 975, *sub nom. Deering* v. *Blair; Union Trust Co., Trustee*, 18 B. T. A. 1234; affd., 54 Fed. (2d) 199; *Louise Cheney*, 22 B. T. A. 672; *Thacher* v. *Lowe*, 288 Fed. 994. The petitioners cite A. R. R. 249, 3 C. B. 145. The Committee on Appeals and Review was there considering a case where a decedent had operated a farm as a hobby and not as a commercial enterprise. The executor, after the death of the decedent, was compelled to operate the farm until it could be sold. The Committee held that the executor was entitled to deduct any ordinary expenses incurred during the period of administration in operating the farm. That ruling may be proper, although no cases are cited to support it, i. e., where an executor is forced to take over and operate a farm for a reasonable period of time while he is endeavoring to dispose of it or to complete his administration of the estate, it may be proper to allow him to deduct expenses or losses incurred in connection with the operation of the farm during that period. But could executors, beneficiaries under the will, move onto the property with their families, occupy it as a comfortable country estate, and keep on deducting farm losses and expenses of maintenance paid from the income from personal property of the estate, although they did not operate the farm for profit or make any effort to dispose of the farm or the property or to limit the expenditures to those necessary to conserve and maintain the property for some use incident to administration of the estate? The evidence does not indicate that any effort was ever made to operate this farm profitably or that any executor was interested in such an effort. Even if the executors had some duty towards Overlook, nevertheless, necessary expenses of administering an estate and of conserving the properties of the estate can not be used as a cloak for expenses which are not for those purposes but are for the quite different purpose of providing a country estate as a comfortable living place for the four individuals who are also executors. The amounts in question would not be deductible if these same people had paid them as trustees under the decedent's will. *Union Trust Co., Trustee, supra.* The following quotation from the opinion of the Board in that case is apposite:

There is nothing in the terms of the trust agreement indicating that the farm should be operated on a commercial basis, except the fact that the enterprise is called a farm. Neither is there evidence that the farm was operated as a business for profit. The stipulated facts rather indicate that the 500 acres of land were kept as a country estate, a place of rest and recreation and amusement for the beneficial owners. The fact that, while occupying the premises without rental charge to them, the children of the settlor should, under the terms of the trust, personally pay their own servant hire and house-supply bills, does not change the indicated situation.

The petitioner has not cited any cases holding that the Overlook expenses or the farm losses would be deductible.

If the total expenditures were to be deductible under section 23 (a) (2), there should be evidence that they were actually made for the production or collection of income or for the management, conservation, or maintenance of property held for the production of income. The Court can not assume that the expenditures were made for those purposes merely because they were made by executors who are said to have some duty to maintain and conserve the property. The evidence in this case tends to show that the expenditures were made for the benefit of the executors as individuals to provide them homesteads rather than to carry out any duty as executors to produce income or to manage, conserve, or maintain any property which they held for the production of income. The expenditures here in question include those made in connection with the use of a swimming pool, a tennis court, a Japanese tea garden, a trophy room, riding horses, and an expensive farming operation which was not at all necessary to conserve the value of the property. The cost of filling a swimming pool, of keeping the water free of dirt and debris, of purifying the water, of scrubbing the pool between fillings, expenses of dragging, watering, rolling, and marking a tennis court for play, and the expenses of operating at a loss and not for profit a farm in which the widow had a life estate, not only in the farm itself but also in the farm animals and machinery, could not fairly be regarded as ordinary and necessary expenses of executors of producing income or of managing, conserving, or maintaining property held for the production of income. Cf. *Bingham's Trust* v. *Commissioner*, 325 U. S. 365. The expenses seem to be due largely to the enjoyment, use, and occupancy of the property by the executors as individuals. Those expenditures are not limited to those necessary to maintain property coming into the hands of executors over a reasonable period of time until they could make the disposition of the property contemplated under the will. The petitioner does not suggest the propriety of any allocation. There is no segregation of the expenses to show those due primarily to the occupancy and enjoyment of the property by the executors and their families and those, if any, primarily to preserve the property for some other uses. Thus, even if it appeared that the executors had some duty to maintain Overlook in order to carry out administration, yet no basis for any allocation appears in the record. Therefore, this is not a proper case in which to apply the principle of *Cohan* v. *Commissioner*, 39 Fed. (2d) 540. The Commissioner did not err.

*Decision will be entered for the respondent.*