**Fulginiti Estate**

*William O. Napoliello,* for accountant.
*Louis Mitchell Paul,* for claimant.

KLEIN, P. J., December 18, 1961.—Jennie Fulginiti, also known as Giovannina Fulginiti, died on September 8, 1959, unmarried, her husband having predeceased her, leaving to survive her five children, whose names are recited in the statement of proposed distribution, and leaving a will which was admitted to probate on September 15, 1959, when letters testamentary were granted. Proof of advertisement of notice thereof was produced to the auditing judge.

By her will, testatrix, after directing the payment of her debts and funeral expenses and after certain directions with respect to the sale of her real estate, bequeathed $1,000 to her son, Anthony Fulginiti, his heirs and assigns, in fee. The residue of her estate she devised and bequeathed to her children, Anthony

Fulginiti, Domenic Fulginiti, Rose Fulginiti (now McDonough), Catherine Fulginiti (now O'Connor), and Rachel Fulginiti (now Gagliardi), their heirs and assigns, share and share alike. A copy of the will, certified by counsel to be true and correct, is annexed hereto.

All parties in interest are living and are stated to have received notice of this audit.

Anthony Fulginiti, decedent's son, claimed the family exemption of $750, and the same is credited in the account.

The receipt, duly sealed and signed by the register of wills, for inheritance tax, at two percent in the sum of $35.14, was produced to the auditing judge, and credit, in the sum of $24.95, is taken in the account.

By writings dated October 24, 1960, which are annexed hereto, Catherine C. O'Connor, Rose McDonough, Rachel M. Gagliardi, decedent's daughters, and their respective spouses assigned all of their right, title and interest in and to the present estate to Anthony Fulginiti, decedent's son, in consideration of the sum of $1,000 paid to each of the said daughters by the said Anthony Fulginiti. As a result of the said assignments, the said Anthony Fulginiti is entitled to four-fifths of the residuary estate and Dominic Fulginiti is entitled to one-fifth of the residue.

Although the said Dominic Fulginiti testified (notes of testimony, page 80) that the only thing he is questioning is a bill from the Methodist Hospital, credit for payment of which is taken in the account, Mr. Paul, on behalf of the said Dominic Fulginiti, submitted at the audit six written objections to the executor's account . . . [including, inter alia, the following:] . . .

"2. Since the executor has seen fit to purchase the interests of all the heirs except Objector, and particularly in a piece of real estate in Wildwood, N. J., it is deemed necessary to have an accounting of the

rental value of the same and market value, as this should be considered a merger, by such purchase."

Jennie Fulginiti, decedent, died a resident of Philadelphia. Section 401 (b) of the Fiduciaries Act of April 18, 1949, P. L. 512, 20 PS §320.401, states:

"(b) Real Estate Outside of Commonwealth. The inventory shall include at the end a memorandum of real estate outside of the Commonwealth. The memorandum, at the election of the personal representative, may indicate the value of each item of real estate included therein, but the values so fixed shall not be extended into the total of the inventory or included as real estate in subsequent accountings."

The following comment to this subsection explains the practice with reference to real estate outside the Commonwealth (20 PS §320.401):

"COMMENT—The provision for a memorandum of real estate outside of the Commonwealth is included not as a basis for future accountability of the personal representative but for the purpose of supplying creditors and persons interested in the estate with essential information. It is also included because it is often difficult to know whether assets located outside the state are real estate beyond the jurisdiction of the Pennsylvania courts or personal property for which the personal representative is accountable in Pennsylvania. If such items are included in memorandum form and are later reduced to cash or to such form that they can be brought into the accounting and jurisdiction of the Pennsylvania courts, then the accountant can charge himself with their then value. In the meantime persons interested in the estate are given some idea of the extent of the assets owned by the decedent at his death."

Although it is true that the accountant has not complied with the requirements of section 401 (b), supra,

by including in the inventory a memorandum of the Wildwood real estate, no harm has been done, as it is evident that all of the parties in interest have knowledge of decedent's ownership of the Wildwood property. Moreover, it appears from the testimony that the unconverted real estate in Wildwood, N. J., is in bad condition and that there has been no rental income therefrom.

The Orphans' Court of Philadelphia County has no jurisdiction over this real estate, in any event. See Wolfe v. Lewisburg Trust & Safe Deposit Co., 305 Pa. 583 (1931). The auditing judge, therefore, rules that he is without authority to assume jurisdiction thereof, and the objection is accordingly dismissed. . . .

"(4) There is no mention of monies deposited in an account in the name of decedent and for convenience a daughter Catherine O'Connor in Sonsitaly Bank and Trust Company despite demand that he pursue the same for the estate."

It appears from the testimony that a savings account was opened in Sonsitaly Bank and Trust Company on September 10, 1951, in the joint names of decedent and her daughter, Catherine C. Fulginiti (later changed to Catherine C. O'Connor). At the time of the death of decedent, there was a balance of $1,021.20 in this account, which was paid to the said Catherine C. O'Connor. It appears from the contract, a copy of which was offered in evidence, that this is a survivorship account and that, upon the death of one of the joint owners, the account is payable to the survivor. Between parent and child a transaction is presumed to be a gift. See Petty's Estate (No. 2), 311 Pa. 372 (1933); Estate of Elsie R. Wilhide, 99 Pa. Superior Ct. 105 (1930). There is nothing in this record which placed any responsibility upon the executor to question the validity of the transaction.

Furthermore, the law is well settled that, under these circumstances, the survivor is entitled to the fund on deposit in the account. See Armour Estate, 397 Pa. 262 (1959) ; Furjanick Estate, 375 Pa. 484 (1953). See also Hershey's Estate, 10 Fiduc. Rep. 390 (1960). As the exceptant failed to produce any evidence to prove that decedent's estate had any claim to this fund, the exception is dismissed. . . .

And now, December 18, 1961, the account is confirmed nisi.