## Commonwealth v. Miklowitz

*E. J. Anastasio*, for Commonwealth.

*L. B. Maxwell*, for respondent.

HERMAN, J., November 21, 1966.—This matter concerns The Realty Transfer Tax Act of December 27, 1951, P. L. 1742, as amended, as it relates to a transfer of real estate located in Pennsylvania from a foreign corporation to its shareholders, subsequent to the formal dissolution of the foreign corporation.

The parties have stipulated the facts which we adopt as our findings of fact, referring herein to such facts as appear necessary to an understanding of this opinion. The parties have, likewise, stipulated that a trial by jury be dispensed with, in accordance with the Act of April 22, 1874, P. L. 109, 12 PS §688.

Camp Wayne, Inc.,[1] a New York corporation, with its principal office in Wayne County, Pa., owned a tract of land in that county when, on May 24, 1961, the corporation was voluntarily dissolved after all its debts and obligations were paid.[2]

At the time of the dissolution, Harry Miklowitz, Herman Schulman and Jules Corpuel were the sole stockholders, each owning 50 shares of the company's stock, and they were the sole directors of the corporation.

On July 5, 1961, a deed which had been dated May 26, 1961 (a date subsequent to the dissolution), in which grantors were the dissolved corporation and Miklowitz, Schulman and Corpuel the directors; and grantees were Miklowitz, Schulman and Corpuel, being all the stockholders of the dissolved corporation, was presented for recording in Wayne County. The consideration called for in the deed was "One Dollar and other good and valuable consideration", and this further recitation appeared:

"Camp Wayne, Inc., having been dissolved on May 24, 1961, legal title to the four parcels vested in Harry Miklowitz, Herman Schulman and Jules Corpuel, comprising all of the stockholders of the said Camp Wayne, Inc. The purpose of this Deed is to bring upon the record the name of the stockholders at the time of said dissolution in whom legal title vested by virtue of such dissolution".

No Pennsylvania realty transfer tax was paid on this transaction and no documentary stamps affixed to the deed.

After the aforementioned deed was given, but before it was recorded, Miklowitz conveyed to Schulman

---

[1] Formerly Camp Wayne for Boys, Inc.

[2] The certificate of authority previously filed with the Department of State of the Commonwealth of Pennsylvania on October 31, 1934, was, however, never withdrawn.

and Corpuel his undivided one third interest in the land for $110,000, and to the deed conveying this interest the Pennsylvania realty tax stamps in the amount of $1,100 were affixed.

Thereafter, the Commonwealth of Pennsylvania determined that a tax of $3,300 should have been paid on the transaction in which the dissolved corporation gave the deed to its shareholders. After appropriate proceedings before the taxing authorities terminating in an order of the Board of Finance and Revenue adverse to the stockholders, an appeal was taken to this court by Miklowitz, Schulman and Corpuel.

This case appears to be on all fours with Commonwealth v. Passell, 84 Dauph. 104 (1965), and Commonwealth v. Sheraton-Midcontinent Corporation, 34 D. & C. 2d 73, 82 Dauph. 336 (1964), except that in each of those cases, the corporation involved was a Pennsylvania corporation, and the corporation in the instant case is a New York corporation. We conclude that this difference does not change the rules laid down by the Pennsylvania Supreme Court in Commonwealth v. Passell, 422 Pa. 473 (1966), reversing 84 Dauph. 104.

Initially, in Passell and Sheraton-Midcontinent we had held, under similar facts, that the giving of a deed by a corporation in dissolution to the stockholders of the corporation *was* taxable under The Realty Transfer Tax Act, supra. Sheraton-Midcontinent was not appealed and the appellate decision on Passell had not been handed down when the instant case was appealed to this court. The Commonwealth in its brief and oral argument relied almost solely on these two cases as decided by the Dauphin County Court. On September 27, 1966, the opinion of the Pennsylvania Supreme Court in Passell was published. This opinion reversed the Dauphin County Court and also pointed out, by way of a footnote, that our decision in Sheraton-Midcontinent was no longer controlling.

In its opinion in the Passell case, the Supreme Court noted that the narrow issue there, as here, was: "Is the transfer of real estate from a corporation to its sole stockholders, pursuant to a plan envisioning a complete liquidation of the corporation, a transaction which is subject to tax under the 'Realty Transfer Tax Act'. . . of the Commonwealth?" and held that it was not subject to the tax. In reaching this conclusion, the court, acknowledging that the Business Corporation Law of May 5, 1933, P. L. 364, sec. 1104, as amended, 15 PS §2852-1104, requires that, on voluntary dissolution, the remaining corporate assets are required to be *paid* or *distributed to* the shareholders *by the directors*, nevertheless found that " 'On dissolution, the legal title to land passes to the stockholders, and title to the corporate property vests in the stockholders as tenants in common. . . .' ": 16A Fletcher, Private Corporations §8134 (perm. ed. rev. vol. 1962), at page 300, and cases therein cited, including Pennsylvania and New York cases, among which is Mount Carmel Railroad Company v. M. A. Hanna Company, 371 Pa. 232 (1952). See also, to the same effect, 19 Am. Jur. 2d, Corporations 1006, §§1659 and 1660 (1965), where it is said that "the rule is that after the dissolution of a corporation, its property passes to its stockholders subject to the payment of the corporate debts"; and Annot., 47 A. L. R. 1359 (1927) : "There is ample authority for the doctrine that the stockholders of a corporation become vested, when its existence ceases, with a legal title to its property as tenants in common".

The New York law concerning the transfer of realty from a corporation to its stockholders in dissolution not having been proved nor stipulated, we may presume it is the same as that of Pennsylvania: Commonwealth ex rel. Schnader v. National Surety Company, 349 Pa. 599 (1944) ; 9 Wigmore, Evidence (3d ed.), §2536.

We might point out, too, that it is a rule of conflict of laws that all questions relating to the transfer of title to land whenever arising will be governed by the laws of the place where the land is situated: Quarture v. C. P. Mayer Brick Company, 363 Pa. 349 (1949); Wolfe v. Lewisburg Trust & Safe Deposit Co., 305 Pa. 583 (1931).

It is our judgment that the transaction in the instant case is not subject to tax under the Real Estate Transfer Tax Act. The deed executed and recorded subsequent to liquidation, as stated in the Passell case, "was simply confirmatory of that which had been effectuated by operation of law; as a confirmatory deed it did not fall within the category of a *'document'* subject to the tax": Pages 481-82. (Italics supplied.)

We, therefore, reach the following

### Conclusions of Law

1. Camp Wayne, Inc., on May 24, 1961, was voluntarily dissolved, and at the time of dissolution, all of its debts and obligations were duly paid.

2. Subsequent to the dissolution and pursuant to its plan of dissolution, a deed executed by the corporation and all of its directors as grantors, to the sole stockholders as grantees, describing the real estate in Pennsylvania owned by the corporation prior to dissolution is not such a document as defined in section 2 of The Realty Transfer Tax Act of December 27, 1951, P. L. 1742, as amended, 72 PS §3283.

3. The transaction concerning the making, executing, delivering, accepting or presenting for recording of such a deed is not such a transaction as is defined in section 2 of said act.

4. Said Realty Transfer Tax Act imposes no tax on the transaction here in issue.

5. The appeal of Harry Miklowitz, Herman Schulman and Jules Corpuel from the order of the Board of Finance and Revenue, dated November 2, 1962, re-

fusing to review the action taken by the Department of Revenue in assessing a realty transfer tax, should be sustained.

ORDER

And now, November 21, 1966, the appeal of Harry Miklowitz, Herman Schulman and Jules Corpuel from the order of the Board of Finance and Revenue of November 2, 1962, in refusing appellants' petition for review and sustaining the action of the Department of Revenue in refusing appellants' petition for redetermination of the realty transfer tax, which had been determined by the Department of Revenue to be $3,-300, is sustained. The prothonotary is directed to notify the parties or their counsel of this order forthwith. If no exceptions are filed within 30 days after the service of such notice, judgment will be entered on this order according to law.